## STEFFEN v. STATE.

The mere fact that a payment of a license fee to the state as a nonresident dealer in liquors, under Laws 1897, c. 72, p. 203, thereafter held unconstitutional, is unwillingly made under protest, with notice that an action will be brought for its recovery back, does not render the payment compulsory, within the rule permitting the recovery of compulsory payments.

(Opinion filed April 4, 1905.)

Original action by Peter Steffen against the state of South Dakota. Judgment for defendant.

*French & Orvis,* for plaintiff.

*Philo Hall,* Atty. Gen. (*A. W. Burtt,* of counsel), for the State.

HANEY, J.   This is an original action against the state to recover certain sums paid as license fees under chapter 72, p. 203, Laws of 1897, which, so far as applicable to nonresident manufacturers, was declared to be unconstitutional on December 4, 1900. State v. Zophy, 14 S. D. 119, 84 N. W. 391, 86 Am. St. Rep. 741. It appears from the agreed statement of facts upon which the cause was submitted: "(1) That the plaintiff in this action, during all the dates mentioned in the complaint herein, was a citizen and resident of the state of South Dakota, and had been for a long time prior thereto, and now is, a citizen and resident of said state. (2) That at all times between the 1st day of May, 1897, and the 1st day of July,

1898, he was engaged in the business of selling brewed malt intoxicating liquors at wholesale in the city and county of Yankton, state of South Dakota. (3) That in conducting said business plaintiff dealt exclusively in brewed and fermented liquors manufactured by the Joseph Schlitz Brewing Company of Milwaukee, Wisconsin, and was by said company permitted to sell the same at Yankton and certain other towns tributary thereto. That plaintiff purchased all liquors handled by him as a wholesaler during said time from the said Joseph Schlitz Brewing Company, paying said company therefor, and sold the same to retail dealers, collecting the price thereof from such retail dealers, and having for his compensation and expense of conducting the business the difference between the price which he paid for said liquors and the price at which he sold the same. That he was during all said time engaged in said business for himself, and not as the agent of any one, in any other way than as above stated; and that the said plaintiff was an independent wholesale dealer in said liquors upon his own account, and for his own individual profit and benefit, and was not at any of the times aforesaid a manufacturer of brewed, malt, or intoxicating liquors within this state, or in any other state. (4) That on the 1st day of May, 1897, plaintiff paid to the state of South Dakota, through the treasurer of Yankton county, in said state, as license for the privilege of selling malt or brewed intoxicating liquors at wholesale in the city of Yankton from May 1, 1897, to June 30, 1897, inclusive, the sum of one hundred dollars. (5) That at the time of making said payment, plaintiff gave to A. W. Petterson, who was then treasurer of said Yankton county, a written communication, of which the following is a copy: 'Yankton, S. D., April 30,

1897. A. W. Petterson, County Treasurer, Yankton County, S D.—Dear Sir: In reply to your notice of this date, I have the honor to deposit with you (under protest) the sum of one hundred dollars; the amount claimed by the state for the privi lege of selling beer at wholesale, as agent for the "Jos. Schlitz Brewing Co." of Milwaukee, Wisconsin. Reserving all rights under the law. Peter Steffen.' That previous to mak ing said payment of one hundred dollars the said county treas urer had demanded the payment thereof from plaintiff, and had notified him that unless he paid said license he would be prosecuted for selling intoxicating liquors at wholesale with out having paid the license therefor, and that the plaintiff be lieved that he would be prosecuted if he did not pay said li cense, and was induced to pay the same by reason of being so notified, and because of his belief that he would be prosecuted if he did not do so; and that at the time said county treasurer so notified plaintiff and made the demand for payment, as above stated, he acted in good faith, and in the exercise of what he believed to be his official duty." It further appears that across the face of the receipt given by the county treasurer for the money so paid these words were written, "Paid under protest;" that in June, 1897, the plaintiff, under the same circumstances, and for the same purpose, paid the treasurer of Yankton coun· ty the further sum of $600; that no part of these sums has been repaid; and that the plaintiff's claim was presented to and re jected by the State Auditor before this action was commenced.

The mere fact that a payment upon an illegal demand is unwillingly made, though such unwillingness is evidenced by a protest, with notice that an action will be brought for its re covery back, does not render the payment compulsory with-

in the meaning of the rule permitting the recovery of compulsory payments. 22 Am. & Eng. Ency. (2d Ed.) 614. As to what constitutes a compulsory payment in this class of cases was carefully considered in the original action of C. & J. Michel Brewing Co. v. State (decided at the present term) 19 S. D.302, 103 N. W. 40, involving payments under the same statute. Applying the reasons stated in that case to the facts agreed upon in this, it is clear that the plaintiff should not recover.

Defendant is entitled to a judgment of dismissal on the merits, and for costs and disbursements.