## LONGSTAFF v. STATE.

(150 N. W. 1100.)

(File No. 3741.   Opinion filed February 13, 1915.)

**Physicians and Surgeons — Itinerant Physician — License — Payment Under Protest—Medical Examiners, Power of—Agreement to Return License Money, Contingent on Court Decision—Voluntary Payment.**

Plaintiff's assignor, pending an appeal from his conviction for practicing medicine as an itinerant physician without license, paid, under protest, to the Board of Medical Examiners, a license fee, such board agreeing to hold the same subject to decision of the Supreme Court on appeal, and return the money in the event that the statute under which he was convicted should be declared unconstitutional. **Held,** that the making of such agreement on behalf of the state was beyond the authority of said board. **Held,** further, that, such money having been paid into the state treasury and credited to the general fund as required, such payment was voluntary, and said law having

been declared unconstitutional, said money could not be recovered back in an action against the state; it could only be withdrawn by warrant pursuant to an appropriation.

Action by John Longstaff against the State of South Dakota, to recover moneys paid by plaintiff's assignor, as license fee, to the State Board of Medical Examiners, on Demurrer to Complaint. Demurrer Sustained.

*Gaffy, Stephens & Fuller,* for Plaintiff.

*Clarence C. Caldwell,* Attorney General, for the State.

(1) Under point one of the opinion, Plaintiff submitted that: The alleged agreement was valid; and cited: Town of Columbia City v. Anthes, (Ind.) 43 Amer. Rep. 80; McQ. Mun. Corp., Vol. III., Sec. 1009, Note 3.

(2) Under point two of the opinion, Plaintiff cited: Vroom v. Litt, 128 N. Y. S., 758; McQ. Mun. Corp., Sec. 2507; Baker v. Morton, 79 U. S. 159, 20 L. Ed. 264; Civ. Code, Secs. 1198 and 1199; 22 L. R. A. 867, 872, 875, 876; Whittaker v. Deadwood, 120 S. D. 608; 2 Dillon Mun. Corp., p. 1145.

Defendant cited: 22 L. R. A. (N. S.) 863, Notes; Evans v. Hughes Co., 3 S. D. 244, 52 N. W. 1062; Same, 3 S. D. 580, 54 N. W. 603; Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911; Steffen v. State, 19 S. D. 308, 103 N. W. 44; 22 Am. & Eng. Ency. of Law, 609; 30 Cyc. 1298; 94 Am. St. Rep. (Note) 408; Brumagin v. Tillinghast, 18 Cal. 408, 79 Am. Dec. 176; Mays v. Cincinnati 1 Ohio St. 268; Radich v. U. S., 95 U. S. 210; Cahaba v. Burnett, 34 Ala. 400; 30 Cyc. 1306; 22 Am. & Eng. Ency. of Law, 616; Southern Ry. Co. v. Mayor, 141 Ala. 493, 3 Ann. Cas. 106, (Note) 107; Kohler v. Wells, Fargo & Co., 26 Cal. 606; Buchanan v. Sahlein, 9 Mo. App. 552; Brazil v. Kress, 55 Ind. 14; Parker v. Lancaster, 84 Me. 512, 24 Atl. 952.

GATES, J. This is an original action brought in this court to recover from the state the sum of $500, with interest. The complaint alleges the conviction of one John Edmund Doran for the violation of the statute against practicing medicine as an itinerant physician without first having obtained a license, the imposition of sentence pursuant thereto, and his appeal therefrom to this court. Paragraphs 3 and 4 of the complaint are as follows:

"III. That immediately after the entry of said sentence against said John Edmund Doran, and upon the 15th day of

May, 1911, he, the said Doran, being then and there threatened by the said state board of medical examiners with further prosecutions upon their complaint for past violations of the said law at other times and during other months than the times and months mentioned in the charge aforesaid, and being, by reason of said prosecution and the threats of said board of medical examiners, unable to further practice his profession in the state of South Dakota as his only means of livelihood pending the appeal of said case in the Supreme Court, did pay to the state of South Dakota, to-wit, the said board of medical examiners of the said state, under and in pursuance of said chapter 176 of the Session Laws of 1903, under compulsion and protesting against the same, the sum of $500, which is the sum in said law named and designated as the license fee of itinerant physicians.

"IV. That the said sum of $500 was paid as aforesaid to said state and its said board of medical examiners upon the express agreement, understanding, and condition that said sum of $500 should be held subject to the decision of the Supreme Court of said state in the appeal from said judgment of conviction and sentence, wherein it was then and there being claimed by said Doran that the law requiring the payment of said money was unconstitutional and void; and it was then and there expressly understood and agreed by and between said state board of medical examiners of the said defendant, state of South Dakota, and the said John Edmund Doran, that said money was then and there received under protest for his use and benefit, pending and subject to the decision of the Supreme Court of said state in said appeal; that thereafter, and on or about the 17th day of January, 1912, the decision of the Supreme Court, of the state of South Dakota was duly entered, wherein and whereby it was held and adjudged by the said court that the said chapter 176 of the Session Laws of 1903, so far as the same required the payment of said license fee, was unconstitutional and void, and that the state of South Dakota had no power or legal right thereunder to require the payment of the same."

The complaint further alleges the assignment of his claim to the plaintiff, demand for payment, and its rejection. The state has demurred to the complaint on the ground that it does not state facts sufficient to constitute a cause of action. The decision of

.this court referred to in paragraph 4 of the complaint appears in State v. Doran, 28 S. D. 486, 134 N. W. 53.

[1, 2] It is contended by plaintiff that the agreement with the board of medical examiners set forth in paragraph 4 of the complaint was valid, that the payment of the license fee by Doran was involuntary, and that the decision of this court in C. & J. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911, has no application to this case. We are of the opinion that plaintiff is wrong in each of his contentions. The agreement alleged to have been made by the board of medical examiners was clearly beyond its authority. The board had no authority, express or implied, to make a binding agreement such as alleged; not only that, but it is expressly provided by law that all moneys received by the board shall be paid to the state treasurer and credited to the general fund. After the money has been so deposited, it can only be withdrawn by warrant pursuant to an appropriation.

We are of the opinion that the question as to whether the payment of the license was or was not voluntary has been settled in this jurisdiction by the decisions of this court in C. & J. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911, and in Steffen v. State, 19 S. D. 314, 103 N. W. 44. An examination of the complaint in this case reveals nothing that would take this case out from the operation of said decisions. In so far as the allegation of payment under compulsion is concerned, there is no distinction whatever in legal effect between this case and the ones just cited.

The demurrer to the complaint is sustained.