CARPENTER ET AL. *v.* SHAW, STATE AUDITOR OF OKLAHOMA.

No. 50. Argued December 5, 1929.—Decided January 6, 1930.

· *Mr. Stephen A. George,* with whom *Mr. J. B. Moore* was on the brief, for petitioners.

*Messrs. J. Berry King,* Attorney General of Oklahoma, and *V. P. Crowe,* Assistant Attorney General, submitted for respondent.

MR. JUSTICE STONE delivered the opinion of the Court.

This case comes here on writ of certiorari, 279 U. S. 830, to the Supreme Court of Oklahoma to review its judgment upholding a tax imposed under § 9814, Compiled Oklahoma Statutes of 1921, upon "the owner of any royalty" in petroleum and natural gas, to the extent of 3% of the gross value of the royalty.

The petitioners are enrolled Choctaw Indians of less than half blood who, by virtue of their membership in the tribe, have received allotments of lands within the State of Oklahoma, under the Atoka Agreement with the Choctaw and Chickasaw Tribes, embodied in § 29 of the Act of June 28, 1898, ratified August 24, 1898, 30 Stat. 495. By this section it is provided that "all the lands allotted shall be non-taxable while the title remains in the original allottees but not to exceed twenty-one years from the date of patent . . .," which period had not expired with respect to the lands of petitioners at any of the times material to the present case. All restrictions on alienation affecting the allotments of these petitioners were removed by Act of Congress of May 27, 1908, 35 Stat. 312.

The petitioners who have leased their allotments for the production of oil and gas, reserving a royalty of one-eighth of the value of the gross production, have paid the tax assessed for 1926 and 1927 under protest, and brought the present suit to recover it as exacted contrary to the exemption. The state court denied recovery on the ground that the tax is imposed only on the oil and gas when severed from the land and so is a tax upon personalty not embraced within the exemption. 134 Okla. 35.

In *Choate* v. *Trapp*, 224 U. S. 665, the history of the Atoka Agreement was reviewed by this Court. It was there held that the provision for the exemption conferred, upon the allottees, property rights which were within

the protection of the Fifth Amendment and hence it was not subject to repeal by later Congressional legislation; that the restriction, being one imposed in the exercise of the plenary power of Congress over the Indian tribes and tribal lands and in the performance of its duty as the guardian of its Indian wards, see *Lone Wolf* v. *Hitchcock*, 187 U. S. 553, 565, and having been accepted by the State of Oklahoma in its constitution upon admission to statehood, was a limitation upon the taxing power of the state. See also *Ward* v. *Love County*, 253 U. S. 17.

Until the removal by the Act of May 27, 1908, of existing restrictions on alienation of the allotted lands, state taxation even more remotely affecting the interests of allottees than the present tax, would concededly have been forbidden as a tax upon an instrumentality of the national government. See *Choctaw & Gulf R. Co.* v. *Harrison*, 235 U. S. 292; *Jaybird Mining Co.* v. *Weir*, 271 U. S. 609; *Gillespie* v. *Oklahoma*, 257 U. S. 501; *Howard* v. *Gipsy Oil Co.*, 247 U. S. 503; *Large Oil Co.* v. *Howard*, 248 U. S. 549. But it is urged that as the restrictions have now been removed, Congress, by its attempted repeal of the exemption and by later legislation of May 10, 1928, 45 Stat. 496, subjecting oil and gas, produced from restricted allotted lands of members of the five civilized tribes, to state and federal taxes, has evidenced an intention to subject the Indians to all taxes imposed upon citizens of Oklahoma. From this it is concluded that the exemption in § 29 must be narrowly construed to effect the Congressional purpose. See *Shaw* v. *Gibson-Zahniser Oil Corp.*, 276 U. S. 575.

While in general tax exemptions are not to be presumed and statutes conferring them are to be strictly construed, *Heiner* v. *Colonial Trust Co.*, 275 U. S. 232, the contrary is the rule to be applied to tax exemptions secured to the Indians by agreement between them and the national government. *Choate* v. *Trapp, supra*, 675.

Such provisions are to be liberally construed. Doubtful expressions are to be resolved in favor of the weak and defenseless people who are the wards of the nation, dependent upon its protection and good faith. Hence, in the words of Chief Justice Marshall, " The language used in treaties with the Indians should never be construed to their prejudice. If words be made use of, which are susceptible of a more extended meaning than their plain import, as connected with the tenor of the treaty, they should be considered as used only in the latter sense." *Worcester* v. *The State of Georgia,* 6 Pet. 515, 582. See *The Kansas Indians,* 5 Wall. 737, 760. And they must be construed not according to their technical meaning but " in the sense in which they would naturally be understood by the Indians." *Jones* v. *Meehan,* 175 U. S. 1, 11.

Whatever was the meaning of the present exemption clause at the time of its adoption must be taken to be its effect now, since it may not be narrowed by any subsequently declared intention of Congress. *Choate* v. *Trapp, supra.* Having in mind the obvious purpose of the Atoka Agreement to protect the Indians from the burden of taxation with respect to their allotments and this applicable principle of construction, we think the provision that " the lands allotted shall be non-taxable while the title remains in the allottees " cannot be taken to be restricted only to those taxes commonly known as land or real estate taxes, but must be deemed at least to embrace a tax assessed against the allottees with respect to a legal interest in their allotment less than the whole, acquired or retained by them by virtue of their ownership.

Where a federal right is concerned we are not bound by the characterization given to a state tax by state courts or legislatures, or relieved by it from the duty of considering the real nature of the tax and its effect upon

the federal right asserted. *Choctaw Gulf R. Co.* v. *Harrison, supra; Galveston, H. & S. A. R. Co.* v. *Texas,* 210 U. S. 217, 227. We think it plain that the tax imposed on the royalty interest of the present petitioners is not a tax on oil and gas severed from the realty, but is, by its very terms, a tax upon the right reserved in them as lessors and owners of the fee. The tax is imposed on the " royalty interest . . . except such interests of the State of Oklahoma or such royalty interests as are exempted from taxation under the laws of the United States " and is made " a lien on such interest." It is in lieu of all other taxes " upon any property rights attached to or inherent in the right " to the specified minerals and " upon the mining rights and privileges for the minerals aforesaid belonging to or appertaining to the land.

It sufficiently appears, were that controlling, that numerous decisions of the Oklahoma courts since the Atoka agreement have treated the royalty interest of the lessor as a right attached and incident to his ownership or reversionary interest in the land. *Barnes* v. *Keys,* 36 Okla. 6; *Strawn* v. *Brady,* 84 Okla. 66; *Harris* v. *Brady,* 136 Okla. 274; compare *Rich* v. *Doneghey,* 71 Okla. 204, and see *Parker* v. *Riley,* 250 U. S. 66. But even if this did not appear to be the case, an interest commonly so regarded and practically so associated with the use and enjoyment of the allotted lands could not, under the rule of liberal construction rightly invoked by the petitioners, be deemed excluded from the benefits of the exemption granted by § 29. See *Lake Superior Mines* v. *Lord,* 271 U. S. 577, 582; *Waggoner Estate* v. *Wichita County,* 273 U. S. 113; *Butt* v. *Ellett,* 19 Wall. 544; *State* v. *Snyder,* 29 Wyo. 163; *Hearne* v. *Lewis,* 78 Texas 276; *Condit* v. *Neighbor,* 13 N. J. L. 83; *York* v. *Jones,* 2 N. H. 454; *Burden* v. *Thayer,* 3 Metc. (Mass.) 76, 78; *Nelson* v. *Joshel,* 305 Ill. 420, 428; *Frerich* v. *Abrams,* 97 Wash.

460, 462; *Macdonough* v. *Starbird*, 105 Calif. 15, 19. Compare *Pollock* v. *Farmers Loan & Tr. Co.*, 157 U. S. 429.

The Supreme Court of Oklahoma also rested its denial to petitioners of the right to recover the 1926 tax upon the ground that, having failed to pay the tax for the year when due, they were barred by the provisions of §§ 9971 and 9973 of the Compiled Oklahoma Statutes for 1921. Under these sections, relief by injunction against the collection of any tax is forbidden and a suit to recover a tax alleged to be illegally assessed is allowed only if paid " at the time and in the manner provided by law." But the petitioners' allegations, admitted on demurrer, are that the tax was paid under duress and compulsion to prevent the issue of respondent's warrant for its collection, to prevent the stopping by respondent of further royalty payments to them, and to prevent the accumulation of statutory penalties. These allegations are sufficient to bring the case within the ruling of this Court in *Ward* v. *Love County, supra,* that a denial by a state court of a recovery of taxes exacted in violation of the laws or Constitution of the United States by compulsion is itself in contravention of the Fourteenth Amendment. The judgment below will be reversed, and the cause remanded for further proceedings not inconsistent with this opinion.

*Reversed.*