**SECURITY NAT. BANK OF WATERTOWN, S. D., v. YOUNG, County Treasurer, et al.**

No. 9198.

Circuit Court of Appeals, Eighth Circuit.

Jan. 14, 1932.

Rehearing Denied Feb. 23, 1932.

Perry F. Loucks, of Watertown, S. D., for appellant.

Benjamin D. Mintener, of Pierre, S. D. (M. Q. Sharpe, of Kennebec, S. D., and Kenneth C. Patterson, of Watertown, S. D., on the brief), for appellees.

Before VAN VALKENBURGH, BOOTH, and GARDNER, Circuit Judges.

GARDNER, Circuit Judge.

Appellant, a national banking association, brought this action to recover taxes alleged to have been wrongfully exacted from it for the years 1919 to 1926, inclusive, by the appellee county treasurer on shares of its stock at rates higher than were exacted of competing moneyed capital. It is alleged that competing moneyed capital was taxed for the years 1919 to 1923, inclusive, at the rate of three mills on the dollar, and for the years 1924 to 1925, inclusive, at the rate of four mills on the dollar, while the bank's capital stock, surplus and undivided profits were, during said years, assessed at various rates, varying from 26.88 mills to 44.20 mills on the dollar.

The parties will be referred to as they appeared in the lower court.

A demurrer to the complaint was sustained, and, plaintiff having elected to stand thereon, the action was dismissed; and from that order and judgment of dismissal plaintiff has appealed.

The defendants in support of the judgment and order of the lower court urge: (1) That the action is not brought by the real party in interest; (2) that section 6826 of the South Dakota Revised Statutes, providing for a payment of taxes under protest and the institution of an action to recover same within thirty days from such payment, was plaintiff's exclusive remedy; and (3) that the complaint does not state facts sufficient to entitle plaintiff to recover at common law.

Section 6698, Revised Code of 1919 of South Dakota, as amended by chapter 104, South Dakota Session Laws of 1919, provides, among other things, as follows: "To secure the payment of taxes on bank stock or banking capital it shall be the duty of every bank, or managing officer thereof, to retain so much of any dividend or dividends belonging to such stockholders or owners as shall be necessary to pay any taxes levied upon their shares of stock or interests, respectively, until it shall be made to appear to such bank or its officers that such taxes have been paid; and any officer or any such bank who shall pay over or authorize the paying over of any such dividend or a portion thereof, contrary to the provisions of this section, shall thereby become liable for such tax, and if such tax shall not be paid, the county treasurer where such bank is located shall sell such shares or interest to pay the same like other personal property."

It is alleged in the complaint that "by action and direction of the stockholders of the plaintiff bank, and also by long established custom continuously prevailing since the organization of the plaintiff bank, the plaintiff bank has been authorized and directed by its stockholders to pay the taxes upon its shares of stock in said bank each year." We shall, of course, accept as true all the well-pleaded allegations of the complaint. By force of these allegations, coupled with the provisions of the above-quoted statute, the bank was an agent or trustee for the stockholders, and vested with such an interest in the subject-matter as to entitle it to maintain this action. McFarland v. Central Nat. Bank (C. C. A.) 26 F.(2d) 890; Eddy v. First Nat. Bank (C. C. A.) 275 F. 550; Fourth Atlantic Nat. Bank v. City of Boston (C. C. A.) 300 F. 29; Cummings v. National Bank, 101 U. S. 153, 25 L. Ed. 903.

The plaintiff is an agency of the United States, and as such its shares would not be taxable by the state, except by permission granted by Congress. Section 5219, Revised Statutes, though amended March 4, 1923 (12 USCA § 548), at all times material to this action authorized the state to tax the stock of a national bank, provided "the tax imposed shall not be at a greater rate than is assessed upon other moneyed capital in the hands of individual citizens of such State coming into competition with the business of national banks." It is clearly alleged in the complaint that not only did the state laws of South Dakota authorize a discrimination against the plaintiff and its stockholders, but the taxing officers exacted from the plaintiff taxes at rates greater than those applied in the taxation of competing moneyed capital. These allegations clearly alleged a discrimination against plaintiff forbidden by section 5219, Revised Statutes, section 548, title 12, USCA. Munn v. Des Moines Nat. Bank (C. C. A.) 18 F.(2d) 269; First Nat. Bank of Guthrie Center v. Anderson, 269 U. S. 341, 46 S. Ct. 135, 70 L. Ed. 295; First Nat. Bank v. Hart-

ford, 273 U. S. 548, 47 S. Ct. 462, 71 L. Ed. 767, 59 A. L. R. 1.

Section 6826, South Dakota Revised Code of 1919, provides that: "Any person against whom any tax is levied or who may be required to pay. the same, who pays the same under protest to the treasurer authorized to collect the same, giving notice at the time of payment of the reasons for such protest may, at any time within thirty days thereafter, commence an action against such treasurer for the recovery thereof in any court of competent jurisdiction," etc.

The section also provides that no injunction to restrain or delay the collection of any tax claimed to be due shall be issued by any court, but in all cases in which, for any reason, it shall be claimed that any tax about to be collected is wrongful or illegal, the remedy, except as otherwise expressly provided by the Code, shall be by payment under protest and action to recover. This provision of the statute was not complied with by the plaintiff, and defendant urges that its failure so to do precludes its right of recovery in this case. If the plaintiff's cause of action must rest upon a payment of taxes merely under protest, then it would seem that this statute should be controlling and bar plaintiff's recovery in this action. Zimmerman v. Corson County, 39 S. D. 167, 163 N. W. 711; Security National Bank v. Twinde, 52 S. D. 352, 217 N. W. 542; Tennessee v. Sneed, 96 U. S. 69, 24 L. Ed. 610. It is urged, however, that the statute, at least as applied to the facts-and circumstances in this case, is unreasonable in its limitations, and hence void. There is no right at common law to recover taxes paid simply under protest. Hence this statute conferred a right not theretofore existing, and one seeking to enforce such right should be limited to the remedies provided in the statute. It is, however, the claim of the plaintiff that the taxes involved were not simply paid under protest, but were paid under coercion and duress. If the taxes here involved, being wrongfully assessed and void, were in fact involuntarily paid under duress and coercion, then plaintiff's right to recover could not be defeated by its failure to comply with the above-quoted South Dakota statute. There would exist under such circumstances a right to recover under the common law, and to hold that the state might, through its taxing officers, levy, and by coercion and duress collect, a tax in violation of an act of Congress, and then provide that the only remedy for such unlawful act should be to pay the taxes and sue for their recovery within thirty days

after payment, would be an arbitrary, unjust, and unreasonable limitation, and would constitute the taking of property without due process of law, in violation of the Fourteenth Amendment of the Constitution of the United States. Ward v. Board of County Com'rs of Love County, Okl., 253 U. S. 17, 40 S. Ct. 419, 422, 64 L. Ed. 751; Carpenter v. Shaw, 280 U. S. 363, 50 S. Ct. 121, 123, 74 L. Ed. 478; McFarland v. Central Natl. Bank (C. C. A.) 26 F.(2d) 890.

In Ward v. Board of County Com'rs of Love County, Okl., supra, it was urged that the plaintiffs had not proceeded| in the manner provided by the state statute. In response to this contention it is said: "As the payment was not voluntary, but made under compulsion, no statutory authority was essential to enable or require the county to refund the money. It is a well-settled rule that 'money got through imposition' may be recovered back; and, as this court has said on several occasions, 'the obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation.' Marsh v. Fulton County, 10 Wall. 676, 684, 19 L. Ed. 1040, 1042; Louisiana v. Wood, 102 U. S. 294, 298, 299, 26 L. Ed. 153, 155; Chapman v. Douglas County, 107 U. S. 348, 355, 27 L. Ed. 378, 381, 2 S. Ct. 62. To say that the county could collect these unlawful taxes by coercive means and not incur any obligation to . pay them back is nothing short of saying that it could take or appropriate the property of these Indian allottees arbitrarily and without due process of law. Of course this would be in contravention of the Fourteenth Amendment, which binds the county as an agency of the state."

And in Carpenter v. Shaw, supra, the Supreme Court, referring to a similar contention, said: "But the petitioners' allegations, admitted on demurrer, are that the tax was paid under duress and compulsion to prevent the issue of respondent's warrant for its collection, to prevent the stopping by respondent of further royalty payments to them, and to prevent the accumulation of statutory penalties. These allegations are sufficient to bring the case within the ruling of this court in Ward v. Love County, supra, that a denial by a state court of a recovery of taxes exacted in violation of the laws or Constitution of the United States by compulsion is itself in contravention of the Fourteenth Amendment.'"

The general South Dakota statute of limitations applicable to an ordinary common-law action would be six years, but the quoted statute, if applicable, would fix such limitation at thirty days. If plaintiff has alleged a cause of action based upon an involuntary payment of taxes compelled by duress and coercion, this limitation would be unreasonable.

It remains to consider whether the taxes paid were involuntary, in the sense that their payment was exacted by coercion and duress. The complaint contains no allegations that any taxing officer was armed with tax warrant or other process, that there was any threat to seize upon any of plaintiffs' property, or cast a cloud upon the title to its property or imprison any of its officers. The only claim of duress or coercion is that the payments involved were made through the coercion and duress of the South Dakota statute. The allegation is that the taxes have been "paid by said bank under the duress and compulsion of the laws of the State of South Dakota." It is alleged that the law of South Dakota provided that, if the tax on personal property should not be paid when due, it should be collected through the sheriff, and that, in addition to other large and burdensome fees and mileage chargeable and collectible by the sheriff, there might be added to such taxes a penalty of 15 per cent. of the amount due. To hold that the provisions of the statute constituted a constructive duress or coercion would in effect render the payment of practically all taxes involuntary and subject to be recovered back. As said by the Supreme Court of Virginia in Phillips v. City of Portsmouth, 115 Va. 180, 78 S. E. 651, 655: "To hold that the imposition of a penalty which is designed to accelerate the prompt payment of taxes, constitutes a duress would be to render the payment of the great bulk of our taxes involuntary and subject to be recovered back."

True, it is alleged that the taxes were paid under protest, but this is not sufficient to save the payment from being voluntary in the sense which bars a recovery of the taxes paid, if it was not made under any duress, compulsion, or threats, or under the pressure of process immediately available for the forcible collection of the tax. Railroad Co. v. Dodge County Commissioners, 98 U. S. 541,

25 L. Ed. 196; Gaar, Scott & Co. v. Shannon, 223 U. S. 468, 32 S. Ct. 236, 56 L. Ed. 510; United States v. New York & Cuba Mail S. S. Co., 200 U. S. 488, 26 S. Ct. 327, 50 L. Ed. 569; Chesebrough v. United States, 192 U. S. 253, 24 S. Ct. 262, 48 L. Ed. 432; Steffen v. State, 19 S. D. 314, 103 N. W. 44; Dexter v. Boston, 176 Mass. 247, 57 N. E. 379, 79 Am. St. Rep. 306; Flower v. Lance, 59 N. Y. 603; Williams v. Merritt, 152 Mich. 621, 116 N. W. 386; Oakland Cemetery Ass'n v. Ramsey County, 98 Minn. 404, 108 N. W. 857, 109 N. W. 237, 116 Am. St. Rep. 377. But all claim that plaintiff's payment of the taxes was involuntary is conclusively refuted by the allegations of its complaint. It is alleged that during the years here involved "the taxing officers of said county believed that they were duly and legally authorized to assess and levy said tax upon the capital stock of said plaintiff bank and to make up the tax lists and records, and to collect the said tax from the said bank, as was done in this case, and that when it paid said tax at the full personal property rate during each of the years of 1919 to 1926 inclusive *the said bank, its officers and stockholders, believed that the said taxing officials of Codington County, South Dakota, had a right to levy and collect such tax in each of such amounts, and that in truth and in fact both the taxing officers of said Codington County, South Dakota, and the said plaintiff bank, its officers and stockholders, and each of the other banks, its officers and stockholders, situated in Codington County, South Dakota, were all mutually mistaken in that belief."* (Italics ours.) The payments were therefore voluntary, and the most that can be claimed for the plaintiff is that it was mistaken as to the law. But taxes voluntarily paid under a mistake of law cannot be recovered back. San Francisco & N. R. Co. v. Dinwiddie (C. C.) 13 F. 789; Carr v. City of Memphis (C. C. A.) 22 F.(2d) 678; C. & J. Michel Brewing Co. v. State, 19 S. D. 302, 103 N. W. 40, 70 L. R. A. 911; Steffen v. State, 19 S. D. 314, 103 N. W. 44; Yates v. Royal Ins. Co., 200 Ill. 202, 65 N. E. 726; volume 3, Cooley, Taxation (4th Ed.) § 1294.

Plaintiff's complaint, therefore, did not state facts sufficient to constitute a cause of action, and the judgment of the lower court is therefore affirmed.