Roger B. JACOBS et al., Plaintiffs-Appellants,

v.

Carl R. GROMATSKY, District Director, Internal Revenue Service, Defendant-Appellee.

No. 74-1171
Summary Calendar.*

United States Court of Appeals, Fifth Circuit.

May 20, 1974.

* Rule 18, 5th Cir.; see Isbell Enterprises, Inc. v. Citizens Casualty Co. of N. Y. et al., 5th Cir. 1970, 431 F.2d 409, Part I.

**514**

Craig R. Nelson, New Orleans, La., for plaintiffs-appellants.

Scott P. Crampton, Asst. Atty. Gen., Tax Div., Dept. of Justice, Meyer Rothwacks, Chief, Appellate Sec., Washington, D.C., Gerald J. Gallinghouse, U. S. Atty., Michaelle F. Pitard, Asst. U. S. Atty., New Orleans, La., William W. Guild, Atty., Tax Div., Dept. of Justice, Dallas, Tex., Bennet N. Hollander, Carleton D. Powell, Attys., Tax Div., Dept. of Justice, Washington, D.C., for defendant-appellee.

Before GEWIN, GODBOLD and CLARK, Circuit Judges.

PER CURIAM:

The basic claim advanced by appellant is that the tax collection scheme embodied in certain sections of the Internal Revenue Code [*i. e.*, 26 U.S.C. §§ 6015, 6511 & 6513] relating to withholding taxes and quarterly declarations of estimated income tax is unconstitutional because of its failure to provide for the payment of interest on all amounts of such withholding and estimated tax payments which are later refunded as overpayments. As adjuncts of this claim, he asserts that the court below erred in refusing to request the convening of a three-judge court pursuant to 28 U.S.C. §§ 2282 & 2284 and to determine appellants' right to maintain this action as a class action under Fed.R.Civ.P. 23 with provisions for allotment of costs and attorneys' fees from any recovered "fund." This court has previously denied injunctive relief pending the disposition of this appeal.

■ Appellant, while not directly contesting the validity of withholding and quarterly declarations as a means of collecting taxes, insists that the government must pay for the privilege of using its. citizens' funds. Consequently, he contends that the failure of those tax statutes to provide for such interest makes them so arbitrary as to amount to a taking of property—a substantive violation of the fifth amendment. The government replies by pointing out that appellant cannot claim entitlement to interest because interest does not run against the government in the absence of an express contractual or statutory provision. However, this autocratic response begs the constitutional issue. The complete answer lies instead in the powers vested in the Congress to lay and collect taxes on incomes, under the sixteenth amendment. This power not only includes prescribing the basic rates of taxation, the time and manner in which taxes are to be paid; but also includes the means and methods for making refunds—with or without interest, which must be viewed realistically as no more than one function of the overall rate of such exaction.

■ Since appellants' basic claim is clearly without merit, the court below did not err in declining to request the convening of a three-judge tribunal. Of course, the failure of the entire claim moots the class action issue.

Affirmed.