Irving SNYDER, Transferee, Rose Baird, Transferor, Plaintiffs-Appellees,

v.

**UNITED STATES of America, Defendant-Appellant.**

No. 79–1741.

United States Court of Appeals, Tenth Circuit.

Submitted Feb. 11, 1980.

Decided March 10, 1980.

Rehearing Denied March 31, 1980.

---

Marvin E. Hagen and Gene W. Reardon, of Reardon, Reardon & Reardon, Denver, Colo., for plaintiff-appellee.

M. Carr Ferguson, Asst. Atty. Gen., Gilbert E. Andrews, Grant W. Wiprud and R. Bruce Johnson, Attys., Tax Div., Dept. of Justice, Washington, D. C. (Joseph F. Dolan, U. S. Atty., Denver, Colo., of counsel), for defendant-appellant.

Before McWILLIAMS, BARRETT and LOGAN, Circuit Judges.

LOGAN, Circuit Judge.

After examining the briefs and the appellate record, this three-judge panel has determined unanimously that oral argument would not be of material assistance in the determination of this appeal. See Fed.R. App.P. 34(a); Tenth Cir.R. 10(e). This cause is therefore ordered submitted without oral argument.

The United States appeals from an order of the district court granting summary judgment in favor of Irving Snyder in his suit for refund of gift taxes erroneously assessed. The relevant facts are not in dispute.

On May 28, 1973, the Internal Revenue Service (IRS) made a jeopardy assessment against Snyder, as transferee of Rose Baird, for gift taxes, a delinquency penalty, and interest arising out of transactions in 1969 between Baird and Snyder. Between September 1973 and March 1976, additional penalties and interest were added, bringing the total assessment to $55,823.67. Following receipt of a notice of deficiency taxpayer filed with the Tax Court a petition for redetermination of the deficiency, but the petition was dismissed because it was too late, apparently one day past the applicable statute of limitations. See I.R.C. § 6213(a).

When neither Baird nor Snyder paid the assessment, the IRS collected by levying on income from Snyder's rental properties. The final collection, which completed payment of the full assessment, occurred on March 3, 1976. Snyder filed for refund of the entire amount on July 6, 1976. Conceding that he was erroneously assessed,[1] but

---

1. In proceedings related to the 1969 gift tax assessment the Commissioner assessed a deficiency for 1970. This deficiency was litigated in the Tax Court, which held taxpayer did not owe the taxes assessed. *Irving Snyder*, 66 T.C. 785 (1976). The Commissioner acquiesced in the result in that case. 1978–1 C.B. 2. Since the transactions giving rise to the 1969 gift tax assessment were part of the sequence of events considered by the Tax Court, the Commissioner concedes the merits of taxpayer's refund claim in this case.

relying upon the limitations provision set forth in I.R.C. § 6511, the IRS returned $41,130.03, refusing to refund $14,693.64 because that amount was not paid within two years of the first claim for refund.

Taxpayer instituted this suit in district court contesting the partial disallowance. The trial court granted taxpayer's motion for summary judgment. In so ruling, the court held that "the two-year period of limitation in § 6511(a) . . . did not begin to run until the total assessment had been collected, March 3, 1976, and that the claim for refund was therefore timely filed . . . ."

The IRS here contends the trial court erred in allowing taxpayer to receive a refund of taxes paid before July 6, 1974. A plain reading of the statutes involved compels the conclusion that the IRS is correct.

For cases in which no return has ever been filed, section 6511(a) establishes a two-year period of limitations from the date the tax was paid in full. But Congress further qualified the time limitation by restricting the amount recoverable as a refund in certain circumstances. Section 6511(b)(2)(B), applicable here, thus provides in pertinent part,

LIMIT ON AMOUNT OF CREDIT OR REFUND.—

.     .     .     .     .

(B) . . . the amount of the credit or refund shall not exceed *the portion* of the tax paid during the 2 years immediately preceding the filing of the claim.

(Emphasis added.)

The interpretation that a taxpayer must pay all of the assessment within two years of bringing suit or be limited to recovery of the amounts paid within the two-year period has been consistently applied. *See* Treas.Reg. § 301.6511(b)–1(b)(1)(iii); *San Joaquin Light & Power Corp. v. McLaughlin,* 65 F.2d 677 (9th Cir. 1933) (construing predecessor of § 6511). *Cf. Hutchens Metal Products, Inc. v. Bookwalter,* 174 F.Supp. 338 (W.D.Mo.1959), *rev'd on other grounds,* 281 F.2d 174 (8th Cir. 1960) (taxpayer filing refund claim more than three years after

filed return; refund limited to amounts paid within two years of refund claim); *Bechelli v. Hofferbert,* 111 F.Supp. 631 (D.Md.1953) (same). The provision appears to have been intended by Congress to prevent a taxpayer from extending the time for filing a claim for the entire tax by making small payments from time to time. *See* S.Rep.No. 398, 68th Cong., 1st Sess. 33 (1924).

The thrust of taxpayer's principal argument against this construction is that it results in unjustly harsh treatment of a taxpayer not able to liquidate the entire tax liability within two years. The IRS routinely denies refund claims filed before the tax is paid in full, and until the tax is paid the district court cannot consider the validity of the taxpayer's position. *Flora v. United States,* 357 U.S. 63, 78 S.Ct. 1079, 2 L.Ed.2d 1165 (1958), *op. on rehearing,* 362 U.S. 145, 80 S.Ct. 630, 4 L.Ed.2d 623 (1960).

The fatal difficulty with this argument, however, is that Congress has provided an alternative forum for a taxpayer faced with an assessment believed to be erroneous. Without paying any of the disputed tax, Snyder could have petitioned the Tax Court for a redetermination of the deficiency assessed against him and therein litigate the question of his liability for the tax. I.R.C. § 6213. He would not have a right to a jury trial, which may be had only in the district court, but that is the only essential difference. Here taxpayer attempted to petition the Tax Court, but asserts the neglect of his attorney resulted in the dismissal of that petition, which was filed one day out of time. We sympathize with his plight, but writing in a related context, Chief Justice Warren aptly treated the argument taxpayer makes here:

A word should also be said about the argument that requiring taxpayers to pay the full assessments before bringing suits will subject some of them to great hardship. This contention seems to ignore entirely the right of the taxpayer to appeal the deficiency to the Tax Court without paying a cent. If he permits his time for filing such an appeal to expire,

he can hardly complain that he has been unjustly treated, for he is in precisely the same position as any other person who is barred by a statute of limitations.

*Flora v. United States*, 362 U.S. 145, 175, 80 S.Ct. 630, 646, 4 L.Ed.2d 623 (1960) (opinion on rehearing) (footnote omitted).

It is therefore clear that taxpayer's claim is not time-barred, but his refund is limited to amounts paid on or after July 6, 1974. Since the government has refunded those amounts, he has no further claim.

The judgment is reversed and remanded, with instructions to enter judgment in favor of the United States.

BARRETT, Circuit Judge, dissenting:

The majority opinion, in essence, holds that the Internal Revenue Service may retain gift taxes unlawfully imposed and erroneously collected by means of involuntary levies against the taxpayer's property, predicated on the bar of the two-year statute of limitations.

The power of the Congress to lay and collect taxes "not only includes prescribing the basic rates of taxation, the time and manner in which taxes are to be paid; but also includes the means and methods for making refunds—with or without interest, which must be viewed realistically as no more than one function of the overall rate of such exaction." *Jacobs v. Gromatsky*, 494 F.2d 513 (5th Cir. 1974) (per curiam), *cert. denied*, 419 U.S. 868, 95 S.Ct. 126, 42 L.Ed.2d 107 (1974). There are, however, limitations to the exercise of this power.

Indeed, one might fairly say of the Bill of Rights in general, and the Due Process Clause in particular, that they were designed to protect the fragile values of a vulnerable citizenry from the overbearing concern for efficiency and efficacy that may characterize praiseworthy government officials no less, and perhaps more, than mediocre ones. *Stanley v. Illinois*, 405 U.S. 645, 656, 92 S.Ct. 1208, 1215, 31 L.Ed.2d 551 (1972).

An effective levy by the Internal Revenue Service pursuant to statutory authority is " 'an absolute appropriation in law,' and a seizure of the property levied upon, tantamount to a transfer of ownership." *United States v. Pittman*, 449 F.2d 623 (7th Cir. 1971). In the case at bar, the Internal Revenue Service collected allegedly delinquent taxes, additional penalties and interest in the amount of $55,823.67 through its statutory authority to levy on a taxpayer's property. As pointed out by the majority, the Commissioner now "concedes the merits of the taxpayer's refund claim in this case." *Ante* at p. 1187. *See also*: Brief for the United States at p. 4. The Commissioner has thus conceded that the collection of the taxes in this case was not lawfully justified under the provisions of the Internal Revenue Code. Despite this concession, however, the Commissioner contends that the validity of the refund claim on its merits is not at issue inasmuch as no gift tax return was ever filed and because the two-year period of limitations prescribed in 26 U.S.C. § 6511 limits the refund to that portion of the tax paid within two years of the claim for refund. As a result, the Commissioner has refused to return approximately $14,500.00 which the IRS now concedes it was not entitled to collect in the first place.

In *Magnano Co. v. Hamilton*, 292 U.S. 40, 54 S.Ct. 599, 78 L.Ed. 1109 (1934), the Supreme Court observed:

Except in rare and special instances,* the due process of law clause contained in the Fifth Amendment is not a limitation upon the taxing power conferred upon Congress by the Constitution. [citation] . . . That clause is applicable to a taxing statute such as the one here assailed only if the act be so arbitrary as to compel the conclusion that it does not involve an exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property. [citations]. 292 U.S. at p. 44, 54 S.Ct. at p. 601. [Footnote omitted]. *Compare: Pittsburg v. Alco Parking Corp.*, 417 U.S. 369, 94 S.Ct. 2291, 41 L.Ed.2d 132 (1974).

While cases involving this exception to the general rule focus upon the validity of the statute, I believe that the exception must logically apply with like force and effect to the validity of conduct involved in administering the taxing statutes. In my view, the conduct of IRS in retaining the tax improperly collected and assessed here is "so arbitrary as to compel the conclusion that it does not involve an exertion of the taxing power, but constitutes, in substance and effect, the direct exertion of a different and forbidden power, as, for example, the confiscation of property." *Magnano Co. v. Hamilton, supra,* 292 U.S. at 44, 54 S.Ct. at 601.

The Supreme Court has held that "a denial by a state court of a recovery of taxes exacted in violation of the laws or Constitution of the United States by compulsion is itself in contravention of the Fourteenth Amendment." *Carpenter v. Shaw,* 280 U.S. 363, 369, 50 S.Ct. 121, 123, 74 L.Ed. 478 (1930).

Further, the Supreme Court has observed:

> As the payment [of taxes] was not voluntary, but made under compulsion, no statutory authority was essential to enable or require the county to refund the money. It is a well settled rule that "money got through imposition" may be recovered back; and, as this court has said on several occasions, "the obligation to do justice rests upon all persons, natural and artificial, and if a county obtains the money or property of others without authority, the law, independent of any statute, will compel restitution or compensation." [citations] To say that the county could collect these unlawful taxes by coercive means and not incur any obligation to pay them back is nothing short of saying that it could take or appropriate the property of these [individuals] arbitrarily and without due process of law. . . .

*Ward v. Love County,* 253 U.S. 17, 24, 40 S.Ct. 419, 422, 64 L.Ed. 751 (1920).

Although, *Carpenter, supra,* and *Ward, supra,* involved county and state taxation of Indian allotees, I view that rationale as applicable in this case.[1] These concepts have been recognized elsewhere. For example, in *Enochs v. Williams Packing and Navigation Co.,* 370 U.S. 1, 82 S.Ct. 1125, 8 L.Ed.2d 292 (1962), the Supreme Court held that an injunction may be obtained against the collection of taxes "if it is clear that under no circumstances could the Government ultimately prevail, . . . and, . . . equity jurisdiction otherwise exists. *In such a situation the exaction is merely in 'the guise of a tax'."* *Enochs v. Williams Packing and Navigation Co., supra,* at p. 7, 82 S.Ct. at p. 1129, *quoting Miller v. Standard Nut Margarine Co.,* 284 U.S. 498, 509, 52 S.Ct. 260, 263, 76 L.Ed. 517 (1932). *See: Commissioner v. Shapiro,* 424 U.S. 614, 96 S.Ct. 1062, 47 L.Ed.2d 278 (1976).

In my view, this case presents "special and extraordinary facts and circumstances" which require the United States to disgorge the money it is attempting to retain in the face of its concession of unlawful collection. "While here the money was taken through mistake without any element of fraud, the unjust retention is immoral and amounts in law to a fraud on the taxpayer's rights." *Bull v. United States,* 295 U.S. 247, 261, 55 S.Ct. 695, 700, 79 L.Ed. 1421 (1935).

I agree with the majority's opinion that a strict and literal construction of the statutes leads to the result it has reached, but I must dissent from its conclusion that the taxpayer's "refund is limited to [the] amounts paid on or after July 6, 1974." *Ante* at p. 1189.

---

**1.** For claims found in a similar context *see: Gallagher v. Evans,* 536 F.2d 899 (10th Cir. 1976).