**UNITED STATES of America, Plaintiff-Appellee Cross-Appellant,**

**v.**

**STATE TAX COMMISSION OF the STATE OF MISSISSIPPI et al., Defendants-Appellants Cross-Appellees.**

No. 80–3338.

United States Court of Appeals, Fifth Circuit.

Unit A

May 11, 1981.

Rehearing and Rehearing En Banc Denied June 10, 1981.

Hubbard T. Saunders, IV, Asst. Atty. Gen., Jackson, Miss., for plaintiff-appellee cross-appellant.

Robert E. Hauberg, U. S. Atty., Jackson, Miss., M. Carr Ferguson, Gilbert E. Andrews, Michael L. Paup, Richard Farber,

Steven I. Frahm, Tax Div., U. S. Dept. of Justice, Washington, D. C., for defendants-appellants cross-appellees.

SKELTON *, Senior Judge, and RUBIN and REAVLEY, Circuit Judges.

PER CURIAM:

Regulation 25 of the Mississippi Tax Commission imposed a wholesale liquor markup tax on all liquor sold within the state, including liquor sold to the federal military installations located there. On its second trip to the Supreme Court, Regulation 25 was held to impose an unconstitutional state tax upon these instrumentalities of the United States government. *United States v. State Tax Commission*, 421 U.S. 599, 95 S.Ct. 1872, 44 L.Ed.2d 404 (1975).[1] On remand, the district court held that the United States was entitled to a refund of the amount collected at the military bases to pay the unconstitutional tax, stipulated to be $1,371,367.81. Judgment was entered for the United States in that amount, plus 6% interest from the date of judgment. On appeal, the Tax Commission contends that the district court erred in ordering the state of Mississippi to refund the amount of tax paid by the United States. The United States also appeals, contending that the district judge should have granted the United States prejudgment interest on the amounts collected by the Tax Commission in the years 1966 through 1975.

■ The Tax Commission argues that the United States is not entitled to a refund because of its failure to comply with the requirements found in Miss.Code Ann.

§ 27–73–3(1) (1972). That statute requires a person seeking a tax refund to allege and prove that he alone bore the burden of the tax. That state statute, however, has no application in this case. The Supreme Court has determined that the tax is unconstitutional and it follows that the amount of tax paid by the United States should be returned. The retention by the state of an unconstitutional tax is as much a violation of the Constitution as was the collection of the tax in the first instance. *See Carpenter v. Shaw*, 280 U.S. 363, 369, 50 S.Ct. 121, 123, 74 L.Ed. 478 (1930). And the right of the United States, as sovereign, to recover an illegal tax is in no way dependent on compliance with the provisions of state law. *See id.; City of New Orleans v. United States*, 371 F.2d 21, 28 (5th Cir.), *cert. denied*, 387 U.S. 994, 87 S.Ct. 2076, 18 L.Ed.2d 1330 (1967).

■ We also determine that the United States is entitled to prejudgment interest. The United States was unconstitutionally deprived of the use of its funds from the time of payment, and, therefore, to be made whole, is entitled to interest from that date. Accordingly, we remand to the district court for a computation of the prejudgment interest to which the United States is entitled at the rate of 6% per annum.

REMANDED.

---

* Senior Judge of the United States Court of Claims, sitting by designation.

1. When this case first went to the Supreme Court, the Court held that the Twenty-First Amendment did not empower the state to im-

pose the tax on the liquor sold to the military installations. *United States v. Tax Commission*, 412 U.S. 363, 93 S.Ct. 2183, 37 L.Ed.2d 1 (1973).