**Leroy W. & Dorothy V. LONG**
**Plaintiffs**
vs.
**United States of America**
**Defendant**

**No. 81-861-MA**

United States District Court
Commonwealth of Massachusetts

**January 5, 1983**

Stephen Wolfberg, counsel for plaintiff. Nancy Serventi, AUSA, counsel for defendant.

### MEMORANDUM AND ORDER

Mazzone, D.J. This is a suit for refund of taxes paid in the years 1973·and 1974. 28

U.S.C. sec. 1346(a)(1). The plaintiffs, Dorothy and Leroy Long, appeal a prior ruling of the Secretary of the Treasury (Secretary), which they allege was erroneous and improper. The matter is brought pursuant to the applicable sections of the Internal Revenue Code, 26 U.S.C. secs. 6511, 6513, 6532 and 7422. Both parties have moved for summary judgment. The following facts are not in dispute.

On September 11, 1978, the plaintiffs filed joint tax returns for the years 1973 through 1977 with the District Director of Internal Revenue Service at Boston, Massachusetts. The returns for those years showed, respectively, overpayments in the amounts of $10,599.52, $9,796.31, $5,404.50, $14,004.12, and $14,096.46. The plaintiffs' tax returns refund for the years 1973, 1974, 1975, and 1977; the 1976 return indicated that the claimed $14,004.12 overpayment be credited to the plaintiffs' 1977 estimated tax. On December 18, 1978 the Internal Revenue Service refunded overpayments claimed for the 1975 and 1977 tax years.

The Secretary disallowed the plaintiffs' 1973 and 1974 tax refund claims in a notice dated March 28, 1979. The aggregate amount denied the plaintiffs totalled $20,395.83. The notice stated the following reason for disallowance:

> Your income tax return, showing an overpayment, was filed more than 3 years after its due date. The law does not provide for refunding or crediting tax that was paid more than 3 years before the filing of the claim (in this case, your return). For this purpose withheld tax and estimated tax, shown as credits on a return, are considered paid on the due date of the return.

In 1979, the plaintiffs' joint tax returns for 1976 and 1977 were audited. During the course of the audit, the plaintiffs recognized that their income for 1976 had been understated inadvertently and so informed the Internal Revenue Service. Including accumulated interest and penalty, the plaintiffs were assessed $18,605.71 in unpaid taxes for 1976 which they subsequently paid on May 22, 1980. The overpayments made in the 1973 and 1974 tax years were not set off against the 1976 tax deficiency.

The plaintiffs filed suit in this Court on March 27, 1981 and allege wrongful denial of refunds for overpayments made in the tax years of 1973 and 1974. They demand that the entire amount overpaid in those two years be refunded to them including interest.

The defendant has moved for summary judgment and contends (1) that the plaintiffs are time-barred because they filed suit more than two years after the notice of disallowance (see 26 U.S.C. sec. 6532(a)(1) ); (2) and that the plaintiffs are precluded from obtaining tax refunds from taxes paid more than three years prior to the date on which their claim was filed with the Secretary (see 26 U.S.C. sec. 6511(b)(2)(A). The plaintiffs have opposed this motion and, in turn, have moved for summary judgment in their favor.

## I.

The defendant first maintains that the complaint was not filed within the statute of limitations. A claimant for refund of overpaid taxes has two years to file a civil action after the mailing date of the Secretary's notice of disallowance. This time limitation is set forth in 26 U.S.C. sec. 6532(a)(1):

> No suit or proceeding under section 7422(a) for the recovery of any internal revenue tax, penalty, or other sum, shall be begun before the expiration of 6 months from the date of filing the claim required under such section unless the Secretary or his delegate renders a decision thereon within that time, nor after the expiration of 2 years from the date of mailing by certified mail or registered mail by the Secretary or his delegate to the taxpayer of a notice of the disallowance of the part of the claim to which the suit

or proceeding relates.

The disallowance notice was mailed on March 28, 1979. The complaint was filed and docketed on March 27, 1981 within the two year limit. I do not find any basis in this record for the defendant's assertion that the plaintiffs filed their complaint on April 1, 1981, beyond the limitation period. Accordingly, the plaintiffs are not time-barred under 26 U.S.C. sec. 6532(a)(1).

The defendant disputes whether 26 U.S.C. sec. 6511 entitles the plaintiffs to any refund for tax overpayments in 1973 and 1974. This section presents a bifurcated statute of limitations: first, as to the time when refund claims must be filed (section 6511(a) ) and, second, as to the amount of taxes recoverable (section 6511(b) ).

At the outset, the plaintiffs argue that the affirmative defense of a statute of limitations may not be advanced in a motion for summary judgment when it was not pleaded beforehand in the answer. The defendant did not include this defense in its answer, which was mailed to the plaintiffs' counsel on July 27, 1981.

The general rule embodied in Fed.R. Civ. P. 8(c) is that the defense of a statute of limitations is waived if not set forth affirmatively in the responsive pleading. **Neddleman v. Bohlen,** 386 F. Supp. 741, 749 (D. Mass. 1974). At the same time, such rules of law should not be applied blindly. The record shows that the statute of limitations defense was first raised by the defendant in its motion for summary judgment, filed with this Court on November 3, 1982. The record also shows that the complaint, on its face, was nonspecific as to the date upon which the 1973 and 1974 tax returns were filed with the Secretary—a critical fact necessary to the determination of the applicability of the statute of limitations enscribed in 26 U.S.C. sec. 6511. When a complaint is vague as to vital facts, it has been held that

affirmative defenses, even though not appearing on the face of the complaint, may be established upon motion to dismiss or for summary judgment when, by affidavits, depositions and admissions, a set of undisputed facts is revealed upon which the moving party is entitled to judgment as a matter of law. Clearly Rule 56 permits affirmative defenses to be raised in a motion for summary judgment.

**Suckow Borax Mines Consol., Inc. v. Borax Consol., Ltd.,** 185 F.2d 196, 205 (9th Cir. 1950), **cert. denied,** 340 U.S. 943 (1951).

It was not on the face of the complaint, but through discovery, that the defendant realized the pertinence of section 6511 to the case at bar. Therefore, the defendant has not waived the right to assert this affirmative defense in its motion for summary judgment.

Turning to the substance of the contention as discussed in Part I, **supra,** the plaintiffs' tax returns for 1973 and 1974 stated refund claims for overpaid taxes. Treasury Regulation 301.6402-3 specifies that tax returns may contain claims for refunds, if properly executed. The return and refund claim comprised one document for each year and, therefore, were filed simultaneously with the Secretary on September 11, 1978. Thus, the refund claims for 1973 and 1974 were filed within the three year limitation period articulated in section 6511(a).

The defendant contends, however, that the plaintiffs paid no taxes from which a tax refund for the years 1973 and 1974 could be drawn pursuant to 26 U.S.C. sec. 6511(b)(2)(A):

Limit where claim filed within 3-year period.—If the claim was filed by the taxpayer during the 3-year period prescribed in subsection (a), the amount of the credit or refund shall not exceed the portion of the tax paid within the period, immediately preceding the filing of the claim, equal to 3 years plus the period of any

extension of time for filing the return. If the tax was required to be paid by means of a stamp, the amount of the credit or refund shall not exceed the portion of the tax paid within the 3 years immediately preceding the filing of the claim.

This statute restricts the amount of recoverable tax refunds to, in the instant case, those claimed overpaid taxes which were paid during a three-year term prior to the filing of the refund claim. Since the 1973 and 1974 tax returns and refund claims were filed with the Secretary on September 11, 1978, the amount of taxes redeemable is that "portion of the tax paid" within the period extending from September 11, 1975 through September 11, 1978. The decisive question is whether the plaintiffs paid any withholding taxes for 1973 and 1974 during that three-year interval.

Section 6513(b)(1) states that a tax is deemed paid, in the absence of contrary evidence, on April 15 of the year following the taxable year.

> Prepaid income tax.—For purposes of section 6511 or 6512—
>
> Any tax actually deducted and withheld at the source during any calendar year under chapter 24 shall, in respect of the recipient of the income, be deemed to have been paid by him on the 15th day of the fourth month following the close of his taxable year with respect to which such tax is allowable as a credit under section 31.

The plaintiffs' taxes for years 1973 and 1974 are considered paid, then, on April 15, 1974 and April 15, 1975, respectively. No amounts were paid after September 11, 1975—the commencement of the three year period under section 6511(b)(2)(A)—leaving no resource from which to draw either refund claim. **Harvey v. United States**, 81-1 U.S.T.C. P. 9167 (Ct. Cl. 1981); **Craiglow v. United States**, 76-2 U.S.T.C., P. 9779 (Ct.

C1. 1976).

The plaintiffs argue essentially that **any** taxes paid by them during this three-year period qualify as a refund source for overpayments. They assert that they paid taxes between September 11, 1975 and September 11, 1978 which exceed the refund amount claimed for 1973 and 1974. Further, they urge that the assessed taxes for the 1976 tax year, paid in the amount of $18,605.71 on May 22, 1980, be offset against the 1973 and 1974 overpayments.

This argument lacks support. The three year period identified in section 6511(b)(2)(A) limits the amount recoverable to "the portion of the tax paid within the period." This language refers to those taxes paid and claimed in the complaint. **Binder v. United States**, 590 F.2d 68, 71 (3d Cir. 1978); **King v. United States**, 495 F. Supp. 334, 337 (D. Neb. 1980); **Allen v. United States**, 439 F. Supp. 463, 465 (C.D. Cal. 1977; **Chemical Bank New York Trust Co. v. United States**, 275 F. Supp. 26, 31 (S.D.N.Y.), **aff'd**, 386 F.2d 995 (2d Cir. 1967).

The purpose of section 6511(b)(2)(A) is to limit refund claims to the amount of claimed taxes which a citizen has paid within the prescribed three-year period. **Cf. Republic Petroleum Corp. v. United States**, 613 F.2d 518, 525 (5th Cir. 1980) (analogous reference to section 6511(b)(2)(B) ). The effect of section 6511(b)(2)(A) is to impose an additional limitation on refund claims by circumscribing the amount recoverable on a refund claim coextensive with the time constraints mandated by section 6511(a). **CF. Snyder v. United States**, 616 F.2d 1187, 1188 (10th Cir. 1980) (analogous reference to section 6511(b)(2)(B) ).

For these reasons the plaintiffs' taxes, which are not claimed in this suit but which were paid in the normal course between September 11, 1975 and September 11, 1978, do not constitute amounts recoverable under section 6511(b)(2)(A). Furthermore, as to the assessed 1976 taxes paid on May 22, 1980,

this payment occurred after the three year period and on this basis, as well, falls outside the scope of section 6511(b)(2)(A).

## Conclusion

In accordance with the above, the plaintiffs have not claimed taxes recoverable under the limitations of 26 U.S.C. sec. 6511(a)(2)(A). The Secretary's determination of disallowance and the rationale therefor were correct. Since none of the facts presented above are in dispute, the defendant is entitled to summary judgment as a matter of law pursuant to Fed.R.Civ.P. 56(c).

SO ORDERED.

**A. David Mazzone**
**United States District Judge**