No. 85–1423. PRIVATE TRUCK COUNCIL OF AMERICA, INC., ET AL. *v.* QUINN, SECRETARY OF STATE OF MAINE, ET AL. Sup. Jud. Ct. Me. Certiorari denied.

JUSTICE WHITE, with whom JUSTICE BRENNAN and JUSTICE O'CONNOR join, dissenting.

In this case, the Supreme Judicial Court of Maine held that an allegation that a State has violated the Commerce Clause is not cognizable in an action under 42 U. S. C. § 1983. 503 A. 2d 214 (1986). This decision, while supported by the weight of authority, see, *e. g.*, *Consolidated Freightways Corp.* v. *Kassel*, 730 F. 2d 1139 (CA8), cert. denied, 469 U. S. 834 (1984), conflicts with the holding in *Kennecott Corp.* v. *Smith*, 637 F. 2d 181, 186, n. 5 (CA3 1980). I would grant certiorari to resolve this conflict.

This case also presents the question whether persons subjected to an unconstitutional tax, the nonpayment of which is a crime, may bring a refund action under the Fourteenth Amendment if no state refund procedure is available. The Supreme Judicial Court recognized that the Fourteenth Amendment may require a refund of unconstitutional taxes paid under compulsion. See *Carpenter* v. *Shaw*, 280 U. S. 363, 369 (1930); *Ward* v. *Board of County Comm'rs*, 253 U. S. 17, 24 (1920). However, the court rejected the "implied duress" theory of *Atchison, T. & S. F. R. Co.* v. *O'Connor*, 223 U. S. 280, 286 (1912), and held that petitioners have no right of recovery under the Fourteenth Amendment

because they failed to present evidence that the State actually threatened them with arrest or seizure of personal property if they failed to pay the tax in question. Because this holding calls into question the continuing vitality of *Atchison*, I would grant certiorari on this issue as well.