HAWTHORNE, Justice.
Mrs. Virginia C. Frost, Mrs. Mary Frost Willis, and Mrs. Elizabeth Frost Whited, surviving spouse and sole heirs of E. A. Frost who died in the Parish of Caddo on January 16, 1950, instituted this suit against J. Howell Flournoy, sheriff and ex officio inheritance tax collector, to recover the sum of $39,072.18, which they alleged they paid under protest to the sheriff and ex officio tax collector as inheritance and estate transfer taxes illegally demanded and collected. The tax collector filed an answer denying generally *267 the averments contained in the petition,' and also filed a plea to the jurisdiction ratione materiae and an exception of no cause or right of action. After argument on the exception of no cause of action and the plea to 'the jurisdiction had been made, the trial judge without ruling on either plea issued an order staying all further proceedings in this cause pending a final decision of the issues by the federal authorities.
To review this order or ruling both plaintiffs and defendant invoked the supervisory powers of this court. Plaintiffs pray.e.d for an alternative writ of mandamus directing the trial judge to set aside the order rendered by him and ordering him to proceed forthwith to hear- and determine'the issues presented in the cause without further delay. Defendant sought a judgment of this court maintaining his exceptions and - in thfe alternative prayed for an alternative writ -of mandamus as prayed for by plaintiffs. Writs were granted to both plaintiffs and defendant, and the matter is now before us under our supervisory jurisdiction
Louisiana Revised Statutes '47 ¡2431, in' addition to a Louisiana inheritance tax, imposes an estate transfer tax upon all estates which are subject to taxation under the Federal Internal Revenue Code, and the'amount of this state tax-is determined pursuant to R.S. 47:2432, which' reads as-follows:
“Whenever the aggregate amount of all inheritance, succession, legacy and estate taxes actually paid to the several states of- the United States in respect to any property owned by the decedent shall be less than eighty per centum (80%) of the estate tax payable to the United States under the provisions of the Federal Revenue Act of 1926 or under Subchapter A of Chapter 3 of the Federal Internal Revenue Code, hut not otherwise, the difference between that amount and the eighty per centum (80%) shall be paid to the State of Louisiana.”
The succession of E. A. Frost, who left a large estate, was opened in the First Judicial District Court for the Parish of Caddo, and inheritance taxes of $36,854.64 were paid to the State of Louisiana. In due course his widow and heirs filed an estate tax return with the federal Commissioner of Internal Revenue showing a net estate belonging- to the deceased on which a gross basic tax of $86,468.79 was admittedly due. Under the .provisions of-R.S. -47:2432, quoted above, the heirs' and the widow then paid to the state sheriff; and tax collector an additional sum of; $32,320.39, which, together with the inheritance taxes previously paid, represented 80 per cent of the gross basic tax of $86,r 468.79. , Thereafter, the- federal Commissioner of Internal Revenue caused an audit tó be made of the estate ■ tax return- filed *269 with the federal authorities. Under this audit the value of the net estate left by the decedent was substantially increased, and a gross basic tax of $152,869.14 was assessed against the Frost widow and heirs. Accordingly the state sheriff and ex officio tax collector demanded, and the widow and heirs paid under protest, an additional estate transfer tax to the State of Louisiana of $53,120.28. Plaintiffs concede that of this additional tax paid under protest the sum of $14,048.10 is due as a result of the increase in the valuation of the assets of the estate, but aver that the difference of $39,072.18 they here seek to recover was assessed because of the inclusion of certain items in the decedent’s net estate as a result of errors made by the defendant tax collector and the Commissioner of Internal Revenue in the interpretation and application of Louisiana law and tax statutes. Plaintiffs allege that the items erroneously included in decedent’s estate were actually the separate and paraphernal property of his surviving spouse.
According to plaintiffs’ petition, E. A. Frost during his lifetime made large donations of stocks and bonds to his wife which were administered by her separately and as her separate property. It is plaintiffs’ contention that the assessment and collection of the additional estate transfer tax resulted from an erroneous interpretation and applicaion of Article 1749 (now repealed) and Article 1569 of the Civil Code, whereby certain separate and paraphernal properties of Mrs. Virginia C. Frost, surviving widow in community, consisting of certain cash, stocks, and bonds which she had purchased with the fruits and revenues that she had earned during her husband’s lifetime as á result of certain donations, which donations had never been revoked, were added to, and made a part of, the estate of her deceased husband E. A. Frost for estate tax purposes. Thfe petitioners further aver that the assets erroneously included certain cash, stocks, and bonds which the deceased had transferred to his wife by means of a trust agreement created under the provisions of Act 107 of 1920, which provided that the property-donated in the trust should be irrevocably held and possessed by the beneficiary, and no power of appointment whatsoever was reserved by the donor.
Defendant in support of his exceptions contends that the clear wording of the Louisiana statute precludes the relief which plaintiffs seek because the statute which determines the amount of the estate tax due to the State of Louisiana providers' that the tax is due the state if the corresponding federal estate tax is “payable” to the federal government. He further contends that plaintiffs are not entitled to the relief sought because a Louisiana court cannot render a decree that will., be either res judicata or binding in the federal courts, and, still further, because *271 plaintiffs here are necessarily seeking an interpretation of a federal statute which only federal tribunals can give.
On the other hand, plaintiffs say that a determination of the questions presented by the courts of Louisiana will be binding upon, and will be followed by, the federal authorities. They concede, however, that if the donations made by E. A. Frost to his wife are revocable, then under Section 811 of the Internal Revenue Code of 1939 they must be included in the gross estate of the decedent; or, in other words, that if such donations are revocable, they would be properly included in decedent’s net taxable estate. Accordingly plaintiffs say in brief:
“Petitioners therefore seek in this proceeding an interpretation of Louisiana law which will determine whether or not donations by a spouse to a trust in which his wife is the beneficiary can be made irrevocably under Louisiana law,[1] and whether or not in the case of ordinary donations between spouses the revocation thereof will require a return not only of the donated property, but all the revenues received by the donee throughout her life, as well.[2] The extent of the application of the Federal and State tax depends upon the answers to these questions. No interpretation of Federal law is necessary or desirable.”
We have at some length set out above what we deem to be the principal issue raised by defendant’s exceptions and the pleadings in this case. We shall now consider the ruling of the lower court indefinitely staying all proceedings in this case, of which both plaintiffs and defendant complain.
Article 10, Section 18, of the Louisiana Constitution provides that the Legislature of this state shall provide against *273 the issuance of process to restrain the collection of any tax, and, further, that the Legislature shall provide for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him. Pursuant to this mandate of the Constitution, the Legislature adopted Act 330 of 1938, which, among other things, provides that any person resisting the payment of a tax found to be due shall pay the amount found due by the officer designated by law for the collection of the tax and shall give notice of his intention to file suit for the recovery of the tax. The act further provides that when such notice is given the amount so paid is segregated and held by the officer designated by law for its collection for a period of 30 days, and if the suit is filed within that time for the recovery of such tax, the fund so segregated shall be further held pending the outcome of the suit. A taxpayer who does not avail himself of the provisions of this act cannot recover. See A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.
In the instant case the taxpayers are proceeding under the authority of, and pursuant to, this act, seeking a prompt recovery of the tax which they say' has been illegally demanded and collected. The tax collected which they seek to recover was imposed by the taxing authority under the provisions of R.S. 47:2431, a state statute imposing a state estate transfer tax. It is true that the amount of this tax is fixed at 80 per cent of the estate tax payable to the United States under the provisions of the Federal Revenue Act. Nevertheless the tax which the plaintiffs contend is illegal is imposed by a state statute.
It is conceded by all parties that there is no suit pending in any federal court or agency setting forth the issues presented to the district judge in the instant case, and notwithstanding this fact his order stayed all proceedings pending a final decision of the issues by the federal authorities. We know of no legal duty on the part of the plaintiffs requiring the prosecution of such a suit in the federal courts. The effect of the judge’s order, then, is to delay indefinitely a decision on the issues presented here. Such indefinite delay would be to deny to these petitioners an adequate remedy for the prompt recovery of the tax if it should be established that it was illegally paid — a right of prompt recovery being granted to them under the provisions of Article 10, Section 18, of the Constitution and by Act 330 of 1938.
Accordingly we shall set aside the trial judge’s order indefinitely staying all proceedings in this suit, and remand the case so that the judge may hear and determine the issues presented by the exceptions filed by defendant and all other issues presented in the cause. In remanding the case *275 we' are not'to be considered in any way as passing on the merits of these exceptions or any other issue presented by this case.
For the reasons assigned the order of the district judge indefinitely staying all proceedings in this cause is set aside, the case is remanded to the district court, and the district judge, is ordered to hear and determine the issues presented in the cause.

. Act 107 of 1920.

. Article 1749 of the Civil Code prior to its repeal by Act 187 of 1942 provided that “All donations made between married persons, during marriage, though termed inter vivos, shall always be revocable.” Act 187 of 1942, which expressly repealed this article, provides that every donation made after the effective date of the act by a married person to his or her spouse shall be irrevocable as fully and to the same extent as if made to a stranger, provided that the donor may reserve the right of revocation by express stipulation where such donation is made by notarial act. This act further provides that where the donor has the right to revoke a donation previously made to his or her spouse because it was made prior to the effective date of the act or after the effective date of the act with the right of revocation preserved by express stipulation, such donor may give up such right to revoke such donation by executing a notarial act to that effect. Article 1569 of the Civil Code provides that in all cases in which the donation is revoked or dissolved the donee is not bound to restore the fruits by him gathered before demand for revocation or rescission.