SIMON, Justice.
This is an appeal from the First Judicial District Court for the Parish of Caddo, and is the same case previously presented to us on an application for a writ of mandamus,[1] wherein the order of the District Court indefinitely staying all proceedings in the matter was set aside, the case remanded, and the district judge was ordered to hear and determine the issues presented therein. Following a hearing thereon, the District Court overruled defendant’s exceptions to the jurisdiction ratione materiae and of no cause or right of action and rendered judgment on the merits in favor of plaintiff as prayed, from which judgment the defendant has appealed.
*492 Though the facts and the issues presented in this case are clearly and succinctly set forth in our prior opinion, supra, a re-statement is necessary to a legible and explicit disposition of the issues now presented. These facts are as follows:
“Mrs. Virginia C. Frost, Mrs. Mary Frost Willis, and Mrs. Elizabeth Frost Whited, surviving spouse and sole heirs of E. A. Frost who died in the Parish of Caddo on January 16, 1950, instituted this suit against J. Howell Flournoy, sheriff and ex officio inheritance tax collector, to recover the sum of $39,-072.18, which they alleged they paid under protest to the sheriff and ex officio tax collector as inheritance and estate transfer taxes illegally demanded and collected. The tax collector filed an answer denying generally the averments contained in the petition, and also filed a plea to the jurisdiction ratione materiae and an exception of no cause or right of action. After argument on the exception of no cause of action and the plea to the jurisdiction had been made, the trial judge without ruling on either plea issued an order staying all further proceedings in this cause pending a final decision of the issues by the federal authorities.
«* * * Louisiana Revised Statutes 47:2431, in addition to a Louisiana inheritance tax, imposes an estate transfer tax upon all estates which are subject to taxation under the Federal Internal Revenue Code, and the amount of this state tax is determined pursuant to R.S. 47:2432, which reads as follows:
“ ‘Whenever the aggregate amount of all inheritance, succession, legacy and estate taxes actually paid to the several states of the United States in respect to any property owned by the decedent shall be less than eighty per centum (80%) of the estate tax payable to the United States under the provisions of the Federal Revenue Act of 1926 or under Subchapter A of Chapter 3 of the Federal Internal Revenue Code, but not otherwise, the difference between that amount and the eighty per centum (80%) shall be paid to the State of Louisiana.’
“The succession of E. A. Frost, who left a large estate, was opened in the First Judicial District Court for the Parish of Caddo, and inheritance taxes of $36,854.64 were paid to the State of Louisiana. In due course his widow and heirs filed an estate tax return with the federal Commission of Internal Revenue showing a net estate belonging to the deceased on which a gross basic tax of $86,468.79 was admittedly due. Under the provisions of R.S. 47:2432, quoted above, the heirs and the widow then paid to the state sheriff and tax collector an additional sum of $32,320.-39, which, together with the inheritance taxes previously paid, represented 80 per cent of the gross basic tax of $86,-468.79. Thereafter, the federal Commissioner of Internal Revenue caused an audit to be made of the estate tax return filed with the federal authorities. Under this audit the value of the net estate left by the decedent was substantially increased, and a gross basic tax of $152,869.14 was assessed against the Frost widow and heirs. Accordingly the state sheriff and ex officio tax collector demanded, and the widow and heirs paid under protest, an additional estate transfer tax to the State of Lou-siana of $53,120.28. Plaintiffs concede that of this additional tax paid under protest the sum of $14,048.10 is due as a result of the increase in the valuation of the assets of the estate, but aver that the difference of $39,072.18 they here seek to recover was assessed because of the inclusion of certain items in the decedent’s net estate as a result of errors made by the defendant tax collector and the Commissioner of Internal Revenue in the interpretation and application of Louisiana law and tax statutes. Plaintiffs allege that the items erroneously *493 included in decedent’s estate were actually the separate and paraphernal property of his surviving spouse.
“According to plaintiffs’ petition, E. A. Frost during his lifetime made large donations of stocks and bonds to his wife which were administered by her separately and as her separate property. It is plaintiffs’ contention that the assessment and collection of the additional estate transfer tax resulted from an erroneous interpretation and application of Article 1749 (now repealed) and Article 1569 of the Civil Code, whereby certain separate and para-phernal properties of Mrs. Virginia C. Frost, surviving widow in community, consisting of certain cash, stocks, and bonds which she had purchased with the fruits and revenues that she had earned during her husband’s lifetime as a result of certain donations, which donations had never been revoked, were added to, and made a part of, the estate of her deceased husband E. A. Frost for •estate tax purposes. The petitioners further aver that the assets erroneously included certain cash, stocks, and bonds which the deceased had transferred to his wife by means of a trust agreement created under the provisions •of Act 107 of 1920, which provided that the property donated in the trust should be irrevocably held and possessed by the beneficiary, and no power of appointment whatsoever was reserved by the donor.”
Defendant has reasserted his exceptions to the jurisdiction ratione materiae and of no cause or right of action and, while we agree with the District Court’s decision overruling the exception to the jurisdiction and of no right of action, we are constrained to hold the contrary on the exception of no cause of action
There can be no dispute that this case involves the construction and application of a Louisiana tax statute (LSA-R.S. 47:2431), and it is axiomatic that Louisiana courts have the power to hear and dispose of such matters. It must be conceded that plaintiffs, in setting forth affirmative facts evidencing a payment under protest of a state tax alleged to have been illegally assessed, have a right of action under Act 330 of 1938, now LSA-R.S. 47:1576,[2] for the refund of such illegally assessed taxes. This right of action is the sole and only remedy afforded under our law. Section 18, Article 10, Louisiana Constitution, LSA; Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.
However, the relief which plaintiff seeks in having this Court fix and determine the amount of the estate transfer tax due the State and the refund to which a taxpayer *494 may be entitled under our statute, supra, is precluded and must be held in suspense until the federal estate tax is finally determined and exacted. The State tax under our statute is totally dependent and contingent upon the computation of the corresponding federal estate tax due and payable to the federal government. Stated differently, the amount of the tax due the State, and, necessarily, the amount of the refund to which plaintiffs might be entitled, can neither be ascertained nor determined until the federal estate tax due the federal government is finally determined and adjudicated. Therefore, a refund, if any be due, of our estate transfer tax must find its origin and is evolved from a successful corresponding refund of the federal estate tax paid to the federal government. The statutes involved herein, both federal and state, allow and determine respectively the amount of the state estate transfer tax as to the difference between 80% of the federal estate tax due and the aggregate of all inheritance, succession and legacy taxes paid to the state under its other tax statutes. To determine the amount of that difference, which would be necessary to adjudicate upon the refund requested here, we must necessarily await the prior determination of the final estate tax due the federal government, upon which final figure the 80% allowance to the state as a transfer tax is dependent. This entire situation of dependency upon the federal tax statute by the state taxing authority has given rise to the commonplace labeling of our levy as a “windfall tax”.
One highly significant factor influencing our earlier decision in this case, supra, was that there was no suit or other proceeding pending in any federal court or agency seeking a redetermination of the taxable estate and a refund of the federal tax paid under protest. While, in the case at bar, it is conceded that these plaintiffs have filed suit in the Federal District Court for the Western District of Louisiana, which suit is now pending, for a redetermination of the taxable estate, and for a refund of the federal taxes paid under protest. In that particular suit now pending before the federal court, the issues of our codal law and our jurisprudence therein urged for a refund of the federal tax, as conceded, are parallel and identical to those raised in the instant suit. The right to so proceed in the federal court is, as hereinafter shown, recognized and granted by our statute, supra.
Plaintiffs argue that the Louisiana courts must adjudicate this case without awaiting a federal decision on the matter for two reasons: first, that Louisiana Act 330 of 1938, which provides the procedure for the refund of illegally assessed state taxes, requires a suit for a refund to be filed within 30 days of the protest payment of the state tax, and, if this suit is dismissed, they will have no remedy under state law for a refund; and second, that the only issues to be resolved in the re-determination of the federal estate tax by the federal authorities are issues of state law, and that therefore the state court should adjudicate these issues.
Under our view of the case, it is not necessary for us to agree or disagree totally with plaintiffs’ first contention. We find it sufficient to say, as was previously held by us, that plaintiff has fulfilled all the requirements set forth under Act 330 of 1938 and therefore we shall specifically reserve to them in our decree herein their right to the remedy set forth therein, if they should ultimately perfect it in their other proceedings.
Plaintiffs’ second contention ignores the duty imposed upon the federal courts by Erie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188. As previously stated, plaintiffs have pending in the Federal District Court for the Western District of Louisiana their suit against the Internal Revenue Service for a redetermination of the federal estate tax due on the Frost estate, which suit involves the same issues present here. We will not assume that the federal district judge is unaware of or will erroneously apply the Louisiana law on the subjects involved *495 herein. Furthermore, Act 330 of 1938, relied upon herein by plaintiffs, recognizes the competency of the federal courts to adjudicate these issues as shown in the second paragraph of LSA-R.S. 47:1576, quoted supra.
Any decision that we might render on the merits of this case would amount to nothing more than an advisory opinion on certain aspects of Louisiana law, since we have shown earlier that we cannot at the present determine the amount of refund, if any, which may be granted. The issue of what is or is not refundable must be considered in the light and the relevancy of the Federal Internal Revenue Code. Once the amount of the federal estate tax is judicially determined and paid to the government, and a refund, if any, is allowed plaintiffs by the Federal Internal Revenue Department, thereby affording the ascertainable computation of the estate transfer tax due by plaintiffs to the State under the statute, supra, will the amount of a refund, if any, become ascertainable under our codal law and jurisprudence.
Accordingly, the judgment of the district court is reversed, annulled and set aside, and the exception of no cause of action is sustained and plaintiffs’ suit is dismissed without prejudice to plaintiffs’ right to reassert their claim for a refund of the Louisiana Estate Transfer Tax upon the final determination of the pending refund action before the federal courts. It is further ordered that the Louisiana tax paid under protest by plaintiffs in this matter and presently held by the State in a segregated fund shall remain so segregated until this matter is ultimately and finally decided.

. Willis v. Flournoy, 231 La. 264, 91 So.2d 33.

. “A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax, penalty, interest or other charges imposed in this Sub-title. The person resisting the payment of any amount found due by the •collector, or of enforcement of any provisions of this Sub-title, shall pay the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount paid shall be segregated and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such .amount, the funds segregated shall be further held pending the outcome of the suit. If the person prevails, the collector shall refund the amount to the claimant, with interest at the rate of 2% per annum covering tho period from the date said funds were received by the collector to the date of refund.
“This Section shall afford a legal remedy and right of action in any state or federal court having jurisdiction of the parties and subject matter, for a full and complete adjudication of any and all questions arising in the enforcement of this Sub-title, as to the legality of any tax accrued or accruing or the method of enforcement thereof. In such action, service of process upon the collector shall be sufficient service, and ho shall be the sole necessary and proper party defendant in any such suit.”