FIAWTHORNE, Justice
(dissenting).
The effect of the decree in this case is to reinstate the order of the lower court which this court set aside when the case was before us under our supervisory jurisdiction. See Willis v. Flournoy, 231 La. 264, 91 So.2d 33. If that order of the lower court was correct, this court improperly granted the application for writs made by plaintiffs and defendant and committed error in setting aside the order, and the majority opinion should so state.
The tax which plaintiffs seek to recover and which they paid under protest was demanded and collected by the state tax collector under the provisions of a state statute imposing an estate transfer tax. Plaintiffs alleged in their petition that this tax was demanded and collected because of the erroneous inclusion in the estate of the decedent, E. A. Frost, of certain items which were actually, under Louisiana law, the separate and paraphernal property of the surviving spouse. These items consisted of cash, stocks, and bonds which the widow had purchased with the fruits and revenues that she had earned during the husband’s lifetime as a result of certain donations made by the husband which had not been revoked, and also of cash, stocks, and bonds transferred to the wife by means of a trust agreement. See Willis v. Flournoy, supra.
As stated in plaintiffs’ brief, they “seek in this proceeding an interpretation of the Louisiana law which will determine whether or not donations by a spouse to a trust in which his wife is a beneficiary can be made irrevocably under Louisiana law, and whether or not in the case of ordinary donations between spouses the revocation thereof will require a return not only of the donated property, but all the revenues received by the donee throughout her life, as well. The extent of the application of the Federal and State tax depends upon the answers to these questions. No interpretation of Federal law is necessary or desirable”.
Under these circumstances I think the petition filed in the instant suit states a cause of action, and I think it improper to compel these plaintiffs, by means of the sustaining of the exception of no cause of action, to litigate and have the issues decided in the federal court.