REGAN, Judge.
Plaintiff, Louis E. Bagneris, owner of a fractional interest in four establishments *422 wherein lottery operations were conducted, instituted this suit against the defendants, the City of New Orleans and Lee G. Lowe, its Collector of Revenue, endeavoring to recover the sum of $7,875, representing 1952 and 1953 occupational license taxes illegally levied on the lottery operations in the face of a state constitutional amendment prohibiting gambling. Plaintiff asserted his right to a refund in conformity with the provisions of LSA-R.S. 47:1576, a .-statutory remedy available to taxpayers who were subject to unjust or illegal levies. Alternatively, should the court conclude that ,'he failed to meet the requisites upon which statutory relief is predicated, he insists that the statute is unconstitutional in that it deprives him of his property without due process of law.
Defendants pleaded the exception of non-joinder of parties plaintiff, which is not now at issue, and the exception of no cause of action. Defendants contended that an action to recover illegally assessed taxes under the exclusive remedy provided by statute must meet three prerequisites to be successful, namely, (1) payment must be made under protest, (2) notification of the taxpayer’s intention to file suit to recover the taxes paid must accompany the protest payment and (3) suit must be instituted within thirty days from payment. Defendants argued that the exception of no cause of action lies because plaintiff filed suit more than three years after payment.
From a judgment maintaining the exception of no cause of action and dismissing plaintiff’s suit, he has prosecuted this appeal.
Plaintiff’s petition, which was filed on July 29, 1958, asserts that he paid $7,875 to the City of New Orleans on June 16, 1955 as the result of defendant’s demand that plaintiff pay this amount as an occupational license tax on his lottery operations for the years 1952 and 1953. Attached to plaintiff’s payment was a letter, which, in part, reads:
"Further, payment herein is made of the hereinabove alleged tax indebtedness under protest as authorized by LSA 47:1576. More specifically this is to be considered notice of intention to file suit for the full recovery of the tax paid.”
There is no allegation in plaintiff’s original or supplemental petition that the taxes paid were exacted through coercive methods.
This appeal from the judgment dismissing plaintiff’s suit poses two questions for our consideration, and they are: (1) Do the provisions of LSA-R.S. 47:1576 limit the period for instituting suit to demand a refund for illegally levied taxes to thirty days after payment? (2) If this statute is so construed, and the taxpayer must file suit for a refund within 30 days, does the remedy afforded the litigant meet the constitutional requisites of due process of law?
LSA-R.S. 47.1576 provides in part:
“A right of action is hereby created to afford a remedy at law for any person aggrieved by the prohibition of courts restraining the collection of tax * * *. The person resisting the payment of any amount found due by the collector * * * shall pay the amount found due to the collector and at that time shall give the collector notice of his intention to file suit for the recovery thereof. Upon receipt of this notice, the amount paid shall be segregated and held by the collector or his duly authorized representatives for a period of thirty days. If suit is filed within the thirty-day period for the recovery of such amount, the funds segregated shall be further held pending the outcome of the suit. * * *

“This Section shall be construed to provide a legal remedy in the state or federal courts by action at law in case such taxes are * * * in violation of * * * the Constitution of the State of Louisiana, * *
*423 In maintaining the exception of no cause of action, the trial court relied upon the rationale of A. Sulka & Co. v. City of New Orleans [1], wherein the supreme court fully discussed and interpreted Act 330 of 1938, the predecessor of LSA-R.S. 47:1576 which contained substantially the same provisions. In the Sulka case the court expressed the opinion that a taxpayer, complaining of an illegal or unjust assessment, possessed an exclusive remedy as prescribed by Act 330 of 1938, and that in order to avail himself of its provisions, suit must be filed within thirty days after payment under protest.
Counsel for plaintiff argues that the Sulka decision has been overruled by the legislative amendment to the statute and by more recent supreme court decisions, namely, Willis v. Flournoy [2], in which two opinions were rendered.
Both cases emanate from the same factual situation and are concerned with an assessment of an estate transfer tax by the state tax collector of Caddo Parish. The Willis heirs paid state inheritance tax and subsequently filed a federal estate tax return. The Internal Revenue Department then audited the federal return and asserted that a large amount of assets subject to the federal tax were omitted from the return. After the Internal Revenue Department, demanded payment of additional estate-taxes, the state tax collector, under the authority of LSA-R.S. 47:2431, 47-2432[3], levied an additional tax of approximately $53,000, which plaintiff heirs paid under protest and then immediately filed suit against the state tax collector for reimbursement under the provisions of LSA-R.S. 47:1576. In order to assess the amount due to the state, the federal tax must first be fixed, and because the figure was being contested, the trial court stayed all proceedings until the amount of the federal estate tax was determined. On appeal, the supreme court remanded the case for trial on its merits after concluding that the validity of the federal levy was predicated upon an interpretation of Louisiana’s codal provisions relating to donations. In this opinion, it specifically affirmed the rationale of the Sulka case, reasserting that LSA-R.S. 47:1576 was the sole remedy available to a taxpayer demanding a reimbursement and that suit must be filed within thirty days of payment.[4]
*424 The Willis case was then tried on the merits and an appeal was taken therefrom. The Supreme Court this time dismissed plaintiffs’ suit without prejudice. This was done, the court reasoned, because an action was pending in federal court wherein plaintiffs contested the federal levy and the result reached therein would turn on an interpretation of Louisiana’s donation laws. Since the federal court was bound to use .Louisiana statutory interpretation to decide the issue under the Erie doctrine,[5] and since plaintiffs’ claim for reimbursement ultimately turned on the amount of the federal assessment, the supreme court determined that the federal district court should dispose of the issue of the federal government’s additional assessment.
In dismissing the suit, the supreme court specifically reserved to the plaintiffs the right to file a new suit once the federal litigation was settled to claim reimbursement. The court stated that it was unnecessary for it to pass on the issue as to whether suit must be brought within thirty days after payment to satisfy the requisites of LSA-R.S. 47:1576, but it plainly affirmed the principle that this statute afforded the only relief available. While it is true that it did not pass on the 30 day limitation issue, it obviously anticipated the filing of an exception of no cause of action when, and if, the new proceeding were instituted and tacitly admitted that it would have been a valid exception, unless the court specifically reserved a right of action to plaintiffs. It is pertinent to further note that the court indicated it was reserving this right to plaintiffs in the Willis case because they had initially met all the requirements of LSA-R.S. 47:1576. Our deduction from the foregoing is that it is more reasonable to infer that the court tacitly affirmed the Sulka rationale rather than reversed it, as plaintiff herein argues.
In view of what we have said we are compelled to conclude that plaintiff lost his only remedy for seeking reimbursement for the taxes paid under protest by failing to institute suit within thirty days after payment thereof,
The foregoing conclusion necessarily requires our consideration of plaintiff’s contention that the statute, as thus interpreted, is unconstitutional in that it deprives him of property without due process of law. In oral argument plaintiff asserted that the city exacted the taxes by coercive methods and insists that we remand this case to permit plaintiff to offer proof thereof. After reviewing the pleadings carefully, we are unable to find any direct allegation of coercion nor any allegation from which we could draw a reasonable inference of coercion. Since the record is composed entirely of the pleadings and there is no complaint of coercion existing therein, we must, of necessity, limit our consideration of the constitutional issue to the reasonableness or unreasonableness of the statute in requiring suit to be filed within thirty days after payment.
In Security National Bank v. Young[6], the Court analyzed a South Dakota statute identical to the one now before us and concluded that the thirty day limitation, in the absence of payment by coercion, met the requisites of due process of law. The court stated therein:
“The general South Dakota statute of limitations applicable to an ordinary common-law action would be six years, but the quoted statute, if applicable, would fix such limitation at thirty days. *425 If plaintiff has alleged a cause of action based upon an involuntary payment of taxes compelled by duress and coercion, this limitation would be unreasonable.

“True, it is alleged that the taxes were paid under protest, but this is not sufficient to save the payment from being voluntary in the sense which bars a recovery of the taxes paid, if it was not made under any duress, compulsion, or threats, or under the pressure of process immediately available for the forcible collection of the tax.

As a further alternative, plaintiff contends that he is entitled to relief by virtue of the provisions of LSA-Civil Code Article 2301 [7] as was granted to the taxpayers in Sims v. Village of Mer Rottge[8]. In that case the taxpayer paid a license tax to sell near beer for the years 1913 and 1914, when the town had only levied a tax in 1913 and had not done so the following year. Because the money was paid by mistake, the court ordered it refunded for the reason that payment was not made in response to a levy. Defendant cites this pronouncement as an exception to the statute now in effect and the jurisprudence interpretative thereof holding that the statute is an exclusive remedy. We do not believe that the Sims case holds that a tax may be refunded which has been illegally levied under Article 2301, but even if it did, the contention would possess no merit because the statute now in effect had not been enacted at the time this case was decided, and the decision, thus interpreted, would have been legislatively overruled.
Therefore, we conclude that the trial judge properly dismissed plaintiff’s suit on the exception of no cause of action.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.

. 1945, 208 La. 585, 23 So.2d 224.

. 1956, 231 La. 261, 91 So.2d 33 and 1959, 236 La. 983, 109 So.2d 490.

. LSA-R.S. 47:2431 — “In addition to the inheritance tax as levied in Part I of this Chapter, there is hereby levied an estate transfer tax upon all estates which are subject to taxation under Subchapter A of Chapter 3 of the Federal Internal Revenue Code.”
LSA-R.S. 47:2432 — “Whenever the aggregate amount of all inheritance, succession, legacy and estate taxes actually paid to the several states of the United States in respect to any property owned by the decedent shall be less than eighty per centum (80%) of the estate tax payable to the United States under the provisions of the Federal Revenue Act of 1926 or under Subchapter A of Chapter 3 of the Federal Internal Revenue Code, but not otherwise, the difference between that amount and the eighty per centum (80%) shall be paid to the State of Louisiana.”

.91 So.2d 33, at page 36: “Article 10, Section 18 of the Louisiana Constitution provides that the Legislature of this state shall provide against the issuance of process to restrain the collection of any tax, and, further, that the Legislature shall provide for a complete and adequate remedy for the prompt recovery by every taxpayer of any illegal tax paid by him. Pursuant to this mandate of the Constitution, the Legislature adopted Act 330 of 1938 which, among other things, provides that any person resisting the payment of a tax found to be due shall pay the amount found duo by the officer designated by law for the collection of the tax and shall give notice of his intention to file suit for recovery of the tax. The act further provides that when such notice is given the amount so paid is segregated and held by the officer designated by law for its collection for a period .of 30 days, and if the suit is filed within that time for the recovery of such- tax, the fund so segregated shall be further held pending the outcome of the suit. *424 A taxpayer who does not avail himself of the provisions of this act cannot recover. See A. Sulka & Co. v. City of New Orleans, 208 La. 585, 23 So.2d 224.”
While the court’s language does not specifically say that suit must be filed in 30 days, adopting the rationale of the Sulka case in interpreting the statute was, in effect, an approval of its pronouncement that suit must be filed within thirty days from payment.

. Brie Railroad Company v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.

. 8 Cir., 1932, 55 F.2d 616, 619, 84 A.L.R. 100.

. “He who receives what is not due to him, whether he receives it through error or knowingly, obliges himself to restore it to him from whom he has unduly received it.”

. 1917; 141 La. 91, 74 So. 706.