410 F.2d 715
 SHELL OIL COMPANY, Plaintiff-Appellee,
v.
Ashton J. MOUTON, Collector of Revenue, State of Louisiana,
Defendant-Appellant.
Ashton J. MOUTON, Collector of Revenue, State of Louisiana,
Plaintiff-Appellant,
v.
SHELL OIL COMPANY, Defendant-Appellee.
 Nos. 26493, 26730.
 United States Court of Appeals Fifth Circuit.
 April 22, 1969, Rehearings Denied May 19, 1969.
 
 Cyrus A. Greco, Emmett E. Batson, Huey H. Breaux, John B. Levy, Carl E. Cooper, Louisiana Dept. of Revenue, Baton Rouge, La., for appellant.
 George C. Schoenberger, Jr., Joseph G. Hebert, Jess Johnson, Jr., New Orleans, La., for appellee.
 Before AINSWORTH and SIMPSON, Circuit Judges, and MITCHELL, District judge.
 PER CURIAM:
 
 
 1
 These two appeals by the Louisiana Collector of Revenue were consolidated on his motion.
 
 
 2
 No. 26493. Suit was filed in this case in the United States District Court by Shell Oil Company against the Louisiana Collector of Revenue, under the provisions of LSA-R.S. 47:1576 (formerly Louisiana Act 330 of 1938) for recovery of Louisiana severance taxes paid under protest. The taxes were levied on the production of oil and gas under mineral leases granted to Shell by the United States on certain tracts of land situated in a federal military enclave, Barksdale Air Force Base in Bossier Parish, Louisiana. Shell's motion for summary judgment was granted and the Collector's motions to dismiss for lack of jurisdiction and, alternatively, to abstain were denied, on the basis of this Court's prior decision in Mississippi River Fuel Corporation v. Cocreham, 5 Cir., 1967, 382 F.2d 929, rehearing denied, 1968, 390 F.2d 34, cert. denied, Mouton v. Mississippi River Fuel Corp., 390 U.S. 1015, 88 S.Ct. 1264, 20 L.Ed.2d 164 (1968).
 
 
 3
 No. 26730. While Shell's motion for summary judgment in the preceding case, no. 26493, was pending, this declaratory suit was filed by the Louisiana Collector of Revenue against Shell Oil Company in a Louisiana state court for judgment declaring that LSA-R.S. 47:1576 did not waive Louisiana's sovereign immunity from suit in a federal court for the recovery of taxes paid under protest, that the Louisiana Constitution of 1921 and Article III, Section 35, and Article X, Section 18 thereof, did not authorize the Louisiana Legislature to waive sovereign immunity from suit in a federal court for taxes paid under protest, and that the acts of sale and donation of the Barksdale Air Force Base lands to the United States did not pass title to oil and gas in place so as to prevent Louisiana from taxing the production of oil and gas from such lands. Shell removed the case to the federal district court. The Collector's motion to remand, based on lack of jurisdiction in the federal court, was denied, and Shell's motion to dismiss the Collector's suit for failure to state a claim upon which relief could be granted was maintained, on the basis of Mississippi River Fuel Corporation v. Cocreham, supra.
 
 
 4
 In Mississippi River Fuel Corporation v. Cocreham, supra, the identical questions were presented which are now before us for review. In an able opinion by judge Wisdom, this Court held that the State of Louisiana had no right to exact severance taxes on oil and gas produced under a mineral lease from the United States to Mississippi River Fuel Corporation on land forming part of the federal military enclave, Barksdale Air Force Base in Bossier Parish, Louisiana. We said in that case (382 F.2d at 931),
 
 
 5
 'When the United States acquired title to the land, it acquired 'exclusive jurisdiction' over the property, precluding the State's levying and collecting a tax on oil and gas severed from the land by a third party under a lease from the United States. Article I, Section 8, Clause 17, United States Constitution; Humble Pipe Line Co. v. Waggonner, 1964, 376 U.S. 369, 84 S.Ct. 857, 11 L.Ed.2d 782.'
 
 
 6
 In Mississippi River Fuel Corporation suit was filed in the United States District Court under LSA-R.S. 47:1576 for recovery of Louisana severance taxes paid under protest. The Louisiana statute authorizes such suit in a federal or state court. We considered the Collector's contentions that the Louisiana Constitution of 1921 prohibited such suits except in a Louisiana state court and held that under the provisions of Article X, Section 18, of the Louisiana Constitution, the Louisiana statute complied with Louisiana constitutional provisions, and that Article III, Section 35, of the Louisiana Constitution was inapplicable to taxpayer's suits for refund of taxes paid. We also held (390 F.2d at 35, 36) that there was no merit to the Collector's contention that since the United States did not acquire title to the oil and gas in place underlying Barksdale Air Force Base, the State could not be prevented from levying severance taxes on the production of oil and gas therefrom.
 
 
 7
 Out opinion in Mississippi River Fuel Corporation clearly and concisely disposed of all of the contentions raised by the Collector in the present cases. We said (390 F.2d at 36),
 
 
 8
 'The argument that in its sovereign capacity Louisiana has the power to impose a tax on the severance of oil and gas in a federal enclave collides with the Supremacy Clause.'
 
 
 9
 We found, therefore, that the State of Louisiana did not have the right to levy severance taxes on the production of oil and gas from the federal military enclave, Barksdale Air Force Base. Now the Collector seeks in effect to relitigate this question of law which we have already settled on the identical question of law, involving the identical federal military establishment.
 
 
 10
 There is no difference between these cases and the Mississppi River Fuel case. Every question now raised was fully litigated and resolved in that case against the Collector.
 
 
 11
 Nor should we abstain while the Collector seeks a declaration from Louisiana state courts on the question of federal jurisdiction. The propriety of levying taxes on a federal military installation where exclusive jurisdiction resides in the Federal Government under the plain provisions of Article I, Section 8, Clause 17, of the United States Constitution, presents a substaintial federal question for decision. The federal courts must determine issues of law pertaining tofederal jurisdiction. The fact that questions of state law must be decided does not change the character of the right which remains federal. J. I. Case Company v. Borak, 377 U.S. 426, 434, 84 S.Ct. 1555, 1561, 12 L.Ed.2d 423 (1964). Our decision in Mississippi River Fuel solved that issue by its holding that the federal court was a proper forum in circumstances identical with those here. See Mater v. Holley, 5 Cir., 1952,200 F.2d 123. See also Willis v. Flournoy, 236 La. 983, 109 So.2d 490 (1959).
 
 
 12
 Affirmed.